John SHERIDAN and Nancy Sheridan, Plaintiff–Respondent,

v.

SUNSET POOLS OF ST. LOUIS, INC., Defendant–Appellant.

No. 52764.

Missouri Court of Appeals, Eastern District, Division Three.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

W.W. Sleater, Kirkwood, for defendant-appellant.

Cornelius T. Lane, Jr., St. Louis, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Sunset Pools of St. Louis, Inc. [Sunset] appeals a judgment of $28,-400.30 for plaintiffs, John and Nancy Sheridan, in a court-tried suit alleging negligence in the maintenance of plaintiffs' swimming pool. Sunset contests the submissibility of plaintiffs' case in that no negligence of the defendant was proven to be the proximate cause of the Sheridan's damages.

To resolve the issue of submissibility in a negligence case, we view the evidence and inferences in the light most favorable to plaintiffs and disregard all contrary evidence and inferences. *Morgan v. Toomey*, 719 S.W.2d 129, 131 (Mo.App.1986). Viewed in this light, the evidence was that in October, 1978 the Sheridans contracted with Sunset to have a swimming pool constructed in their yard. The pool, forty-three feet by nineteen feet, was completed in July, 1979. From 1979 through spring, 1983 Sunset was hired to open and close the pool and to perform all necessary maintenance.

On the morning of April 30, 1983 Sunset employees arrived to prepare the pool for a new season of use. They decided to drain the pool in order to acid wash and clean the surfaces of the pool. During April, the St. Louis area had received over seven inches of rain, with two and one-half inches falling the last three days. While Sunset's employees were draining the pool, the Sheridans pointed out that water was seeping between the coping and deck and around a return pipe of the pool. This seepage indicates a high water table and potential hydrostatic pressure problems.

With a foot of water remaining in the pool, a Sunset employee removed the plug at the well point. After the employee

poked a screwdriver into the well point, water began seeping up into the pool. After a few minutes the employee replugged the well point although water was still seeping. Later that afternoon the Sunset employees left the Sheridans' home after placing hoses of running water to refill the pool.

The next morning plaintiffs discovered the pool had lifted several inches out of the ground and rotated sideways. Plaintiff's expert testimony concluded that hydrostatic pressure (water pressure in the ground around the pool) caused the pool damage.

The Sheridans sued Sunset alleging the company and its employees knew or should have known that draining the pool and plugging the well point could cause the pool to lift and turn. Plaintiffs testified they spent $28,400.30 replacing the pool and deck and replanting the yard. The replacement pool is larger than the damaged pool. No evidence of the fair market value of plaintiffs real estate, before and after the incident, was presented.

After the court's entry of judgment for $28,400.30, Sunset appealed on two grounds. First, Sunset challenged the submissibility of the case because no negligence of Sunset was shown to be the proximate cause of the Sheridan's damages. Second, Sunset contends the award of $28,-400.30 was excessive because the cost of "repairing" [replacement] was not shown to be supported by evidence of diminution in value.

■ The burden is on a party-plaintiff to make a submissible case by substantial evidence of probative force and to remove the case from the realm of speculation, conjecture and surmise. *Hurlock v. Park Lane Medical Center, Inc.*, 709 S.W.2d 872, 880 (Mo.App.1985); *Zeigenbein v. Thornsberry*, 401 S.W.2d 389, 393 (Mo. 1966). Substantial evidence is that which, if true, has probative force upon the issues and from which the trier of facts can reasonably decide a case. *Id.*

Plaintiff's theory of negligence is that they relied on the expertise of Sunset and its employees to clean, drain, fill and maintain their pool in a reasonably workmanlike manner. It is their position that Sunset knew or should have known that draining the pool during a time of high rainfall (and thus increased hydrostatic pressure) might cause damage to their pool. The Sheridans also contend that the replugging of the well point exacerbated the hydrostatic pressure on their pool and caused it to lift out of the ground.

■ Testimony of the Sheridans' pool expert as well as Sunset's owner and president established that hydrostatic pressure caused the pool to shift and rise out of the ground. The Sheridans' expert explained that when the water pressure outside the pool was greater than the weight of the empty pool, it would force the pool out of the ground. This expert also testified that with the amount of rainfall during April, he would not have drained the pool for fear of hydrostatic pressure damage. We conclude that this constitutes substantial evidence from which the fact finder could decide that Sunset was negligent in draining the pool and this was the proximate cause of the Sheridans' damages.

■ Sunset's second point is the trial court erred in awarding damages for cost of repair [replacement] when prerequisite proof of diminution in value was not affected. The general rule in Missouri is that the measure of damage for injury to real property is the diminution in value test, *i.e.*, the difference between the fair market value before and after the event causing the damage. *Tull v. Housing Auth. of City of Columbia*, 691 S.W.2d 940, 942 (Mo.App. 1985); *See, City of Kennett v. Akers*, 564 S.W.2d 41, 50 (Mo. banc 1978). An exception to the general rule is the cost of repair test which may be used when the property can be restored to its former condition at a cost less than the diminution of value. *Tull*, 691 S.W.2d at 942 citing *DeLisle v. Cape Mutual Ins. Co.*, 675 S.W.2d 97, 103 (Mo.App.1984). "In surveying the cases which applied the cost of repair test, it is clear this application is limited to situations where repairs amount to a small percent of the diminution in value." *Id.* Logically,

the court cannot apply cost of repair damages until after it hears evidence which permits a comparison between diminution of value and cost of repair unless such evidence may be excused by an available inference that the cost of repair is a fraction of the diminished value. The provision is not available in this case.

 It was held in *DeLong v. Broadston*, 272 S.W.2d 493, 497, (Mo.App.1954), that the predicate for repairs as the measure of damages was to establish an exception to the before and after value rule, and then submit the repairs exception, if applicable. The court found there was no evidence offered or received touching the market value of the damaged building. It ruled, "[i]t was improper to submit on the theory of cost of repairs because it was not shown that the damage was comparatively insignificant, considering the total value of the building." *Id.* at 497. An award of damages for repairs erroneously applies the law in the absence of any evidence of value. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In the instant case, no evidence of diminution in value was presented to the trial court. For the Sheridans to recover cost of repair, the law required at least some evidence this cost was substantially less than the diminution of value which in turn, required some evidence of value. *Tull*, 691 S.W.2d at 942; *DeLong*, 272 S.W. 2d at 497. We conclude, therefore, that the court erred in awarding the Sheridans $28,-400.30 as damages for Sunset's negligence. We do not reach and do not decide any issue relating to whether the replacement cost was a betterment or wholly justified as repair expense. We cannot decide that the award was too large or in the right amount because of insufficient evidence. The trial court was similarly uninformed.

Because the trial court properly found Sunset negligent under the facts of this case, we reverse and remand only for a determination of plaintiffs' damages. Judgment is affirmed on the issue of liability; reversed and remanded for retrial on the issue of damages.

SMITH and KELLY, JJ., concur.