**Christopher Lee PROSSER, Appellant,**

v.

**Mia Ann RETHORN, Respondent.**

**No. WD 52045.**

Missouri Court of Appeals,
Western District.

July 23, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 27, 1996.

Richard Beaver, Jefferson City, for appellant.

Respondent party acting pro se.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

PER CURIAM.

This case involves a claim for attorney's fees in connection with a paternity action. Christopher Lee Prosser appeals from the trial court's order denying his request for an award of attorney's fees and costs.

Judgment is affirmed.

Christopher Prosser and Mia Ann Rethorn (f/k/a Mia A. Patterson) conceived a child together, Amanda Michele, born on December 12, 1984. Some time after the child's birth, the couple terminated their relationship. In December 1993, Prosser attempted to voluntarily declare paternity of Amanda through the execution of a paternity affidavit. Rethorn refused to sign the affidavit.

On March 6, 1995, Prosser, while incarcerated, filed a petition for the declaration of paternity and for voluntary assessment of child support payments. Rethorn filed an answer to the paternity petition. After conducting discovery, Prosser then filed a motion for summary judgment on the issue of paternity and also on the issue of attorney's fees and costs pursuant to § 210.842, RSMo 1994. The trial court granted Prosser's motion for summary judgment on the issue of paternity, but denied Prosser's request for attorney's fees and costs. Prosser appeals.

■ Prosser's sole point on appeal is that the trial court erred in denying his request for attorney's fees and costs expended to prosecute the paternity action. Prosser claims that he incurred attorney's fees in the amount of $5,251.05 "as a result of the Respondent Rethorn's actions in the collateral grandparents visitation case." Prosser claims that in December 1994, his mother, Kathleen Alicea, filed a petition for grandparent's visitation rights wherein she alleged that she had unreasonably been denied visitation with Amanda for over a year, and that Rethorn filed a motion to dismiss Mrs. Alicea's petition claiming she did not have standing to file the petition because paternity had not been judicially declared. Prosser then filed his petition for declaration of paternity. Prosser asserts that he "incurred substantial legal fees and costs as a direct result of the Respondent Rethorn's actions and insidious legal maneuvers in the grandparent visitation case, as well as through the Respondent's odious refusal to join Prosser in executing the voluntary paternity affidavit.... " Prosser contends that the trial court's dismissal of the grandparent's visitation case forced him to prosecute the paternity case, thereby causing him to incur the fees.

■ Section 210.842, RSMo 1994 provides: "The court may order reasonable fees for counsel ... and other costs of the action and pretrial proceedings ... to be paid by the parties in such proportions and at such times as determined by the court.... " Generally, a trial court is considered an expert on the reasonableness of attorney's fees and the trial court's decision on whether to award fees will not be disturbed unless an abuse of discretion is found. *Nelson v. Hotchkiss,* 601 S.W.2d 14, 21 (Mo. banc 1980). Further, the trial court sits in a superior position to assess the credibility of the parties and the sincerity of a party's position, which often is not fully discernable from the record. *See T.B.G. v. C.A.G.,* 772 S.W.2d 653, 655 (Mo. banc 1989).

■ Prosser cites *Carlund Corp. v. Crown Center Redevelopment Corp.,* 910 S.W.2d 273, 277 (Mo.App.1995) and *Johnson v. Mercantile Trust Co. Nat'l Ass'n,* 510 S.W.2d 33, 40 (Mo.1974) in support of his contention that he should be awarded attorney's fees and costs incurred by him as a result of the "collateral litigation," *i.e.,* the grandparent's visitation suit. "Collateral litigation arises when a breach of contract by one party causes another contracting party to sue or be sued by an outside third party." *Carlund Corp.,* 910 S.W.2d at 277. *Carlund Corp.* and *Johnson* are not applicable to the instant case because the grandparent's suit does not constitute "collateral litigation."

The trial court was familiar with the facts in this case. In its discretion, the trial court

denied Prosser's request for attorney's fees and costs. After reviewing the record, we cannot say that the trial court abused its discretion in denying fees and costs.

The judgment is affirmed.