John H. FLORA, Respondent,

v.

AMEGA MOBILE HOME SALES, INC., Appellant.

No. WD 53947.

Missouri Court of Appeals,
Western District.

Jan. 6, 1998.

Thomas Harrison, Columbia, for Appellant.

John Flora, Gravois Mills, for Respondent.

SPINDEN, Presiding Judge.

Amega Mobile Home Sales, Inc., appeals the circuit court's judgment awarding John Flora damages for repair of his basement foundation which was damaged when Amega Mobile Home Sales set a mobile home on it in 1994. We remand the case for redetermination of damages.

Flora purchased a double-wide mobile home from Amega in 1994. They agreed that Amega would set the house on a basement foundation constructed by Flora. Flo-ra constructed the basement of unreinforced concrete blocks, contrary to Amega's recommendation that he use steel-reinforced, poured concrete.

After a crew set the house on the foundation, the foundation wall cracked and bowed. Flora's theory of causation was that the crew parked the delivery trailer and set hydraulic jacks for moving the house too close to the basement.

After a small claims court entered a $3000 judgment for Flora in his negligence action against Amega, Amega obtained a trial *de novo* in circuit court. The circuit court's judgment said, "Court finds from evidence adduced, that defendant is liable for damage occasioned to [Flora's] foundation walls by reason of manner in which mobile home was being placed on [Flora's] foundation." The circuit court awarded Flora $2695 in damages.

Amega contends that the circuit court's judgment was erroneous because Flora did not make a submissible case of negligence. We disagree.

Negligence is "the failure to exercise the degree of care which a reasonably prudent and careful person would use under the same or similar circumstances." *Jackson v. City of Blue Springs*, 904 S.W.2d 322, 329 (Mo. App.1995). To establish a claim for negligence, a plaintiff must establish "(1) legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property." *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 431 (Mo. banc 1985).

■ To make a submissible case for negligence, the plaintiff must produce "substantial evidence of probative force and to remove the case from the realm of speculation, conjecture and surmise." *Sheridan v. Sunset Pools of St. Louis, Inc.*, 750 S.W.2d 639, 641 (Mo.App.1988). In reviewing the issue of submissibility, "we view the evidence and inferences in the light most favorable to

plaintiffs and disregard all contrary evidence and inferences." *Id.* at 640.

Flora, who was in the construction business and had erected basements for about 48 years, opined that the delivery crew's parking its trailer and setting the hydraulic jacks "too close" to his foundation, on the fill dirt around it, caused the cracking and bowing. He based his opinion on his experience in constructing basements. He testified that Amega could have parked farther away and still set the house on the foundation.

Amega's only response was that Flora was responsible for preparing the site and foundation. Amega's general manager, Mark Mayes, testified that when Flora told him that he planned to use concrete blocks to build the basement, he recommended that Flora use poured concrete because "all the basements we ever messed with [were] all concrete, reinforced steel." Amega's driver admitted knowing that parking the trailer on the fill dirt around the basement put pressure on the basement. Yet, knowing these things, Amega used normal procedures and did not take any special precautions.

Arguably, both Flora and Amega were negligent; however, the circuit court, as fact finder, determined that Amega was fully responsible for the bowing and cracking. Just as we would defer to a jury's verdict had it been the fact-finder, we defer to the circuit court's decision. It is supported by substantial and competent evidence. We discern no proper basis for reversing that decision.

Amega complains primarily that Flora did not present any expert evidence concerning what reasonably prudent mobile home deliverers would have done in the same or similar circumstances. We disagree that an expert was necessary. Flora, while not an expert in mobile home delivery, was an expert in basement construction. Amega did not quarrel with his theory that pressure from the delivery trailer's weight against the basement caused the cracks and bowing. It acknowledged knowing about such problems and explained its process of laying plywood to overcome the problem. Moreover, its recommendation to Flora of how to construct the basement shows that Amega knew that a basement built of concrete blocks was not as strong as one built of steel-reinforced, poured concrete. The circuit court was justified in concluding that a reasonably prudent mobile home deliverer, knowing those things, would have taken special precautions in setting up Flora's house. Amega admitted that it took no special precautions—that it used normal set-up procedures.

In determining the amount of damages, the circuit court accepted the testimony of Flora as to the amount of his repair expenses in fixing the basement. Flora did not present any evidence concerning the value of the property before and after the basement cracked and bowed. The measure of damages in a negligence action for damage to real property is the difference in fair market value before and after the defendant's negligent conduct, or the cost of repair, whichever is less. *Sheridan,* 750 S.W.2d at 641. Further, application of the cost of repairs test "is limited to situations where repairs amount to a small percent of the diminution in value." *Id.* at 642.

When a court has no evidence concerning the market value of the damaged property, "[a]n award of damages for repairs erroneously applies the law in the absence of any evidence of value." *Id.* We, therefore, remand the case to the circuit court to determine whether the diminution in value to Flora's property was less than the cost of repairing the basement. If it was, the circuit court shall enter judgment for the lesser amount.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.