**WETHERBEE, LTD., Appellant,**

v.

**John ALLRED, Respondent.**

**No. WD 54238.**

Missouri Court of Appeals,
Western District.

Submitted Feb. 10, 1998.

Decided May 19, 1998.

Scott R. Gum, Kansas City, for appellant.

John Allred, pro se.

Before EDWIN H. SMITH, P.J., and SMART and ELLIS, JJ.

SMART, Judge.

This appeal concerns the enforcement of provisions in a commercial lease requiring that the landlord maintain the structure. Carl J. Wetherbee, the President of Wetherbee, Ltd. ("Wetherbee"), entered into a lease with John Allred. The lease contains a provision requiring that Allred, as landlord, maintain the premises in good repair, including the exterior, parking lot and roof of the building. Wetherbee claims that Allred breached the lease by failing to maintain the premises as was required by the lease. Wetherbee filed suit against Allred seeking money damages and for specific performance. Although Allred acknowledged he had not complied with the lease provisions, the trial court found in favor of Allred. Wetherbee appeals. Because the trial court incorrectly concluded that Weatherbee could not enforce the provision of the lease without claiming a constructive eviction, we reverse the judgment of the trial court.

## Facts

On April 30, 1993, Wetherbee and Allred entered into a written lease agreement. Wetherbee leased land and a building from Allred for a tavern. The lease includes the following provision:

> *MAINTENANCE:* Landlord shall maintain the Premises in good repair at all times, including exterior, including parking lot and roof of the Premises and all major building equipment (heating, air conditioning, hot water heater, plumbing, and electrical service.) Tenant shall be responsible

for all major building equipment necessary for the building expansion.

From the beginning of the lease, the back wall and the roof of the building leaked. Each time it rained, the building flooded. Wetherbee complained to Allred, who made some repairs to the property. However, the repairs were ineffective and the water problem persisted. Because of the flooding, Wetherbee had to close his business on some occasions. Wetherbee lost some supplies from water damage. Weatherbee also incurred expenses for clean up.

On October 19, 1994, Wetherbee filed suit against Allred. Count I of the petition contains a claim for money damages based upon lost revenue, clean up costs, repair costs, and other costs associated with the damage to the building. Count II of the petition asks for specific performance of the lease provisions related to maintenance. At trial, Wetherbee's evidence went unopposed by Allred, who represented himself. Allred admitted that it was his duty to keep the water out and that he had breached the lease in that regard. At the conclusion of the case the trial judge's comments indicated that he did not believe Weatherbee could maintain an action for breach of contract as to the provision in which Allred agreed to keep the building in good repair. The trial court concluded that Weatherbee could maintain an action only if the conditions were so bad that Weatherbee was forced to move out. The trial court found in Allred's favor. Wetherbee appeals.

## Lease Provisions May Be Enforced Absent a Constructive Eviction

Wetherbee's sole point on appeal is that the trial court erred in its declaration and application of the law because the trial court believed that Wetherbee had a duty to vacate the premises and make a claim for constructive eviction, rather than sue on a breach of contract theory. Review of this court-tried is performed under the standards established by the Missouri Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substan-

tial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* at 32.

■ In Missouri a lease is acknowledged as having a dual character: it is both a conveyance and a contract. *See Detling v. Edelbrock,* 671 S.W.2d 265, 269 (Mo. banc 1984). The usual contract remedies are available to the tenant in the event that a provision of the lease contract is breached, including damages, reformation and rescission of the contract. *Id.* at 270. "Therefore, a tenant may be entitled to compensation for a loss which is the natural and direct consequence of the breach of a lease...." *Jaron Corp. v. Pellet,* 866 S.W.2d 897, 902 (Mo.App. 1993). The general rules of construction governing contracts are used in construing a lease. *Howe v. ALD Servs., Inc.,* 941 S.W.2d 645, 650 (Mo.App.1997). Accordingly, all provisions of the contract are to be given effect and it should be given a reasonable construction. *Id.* Application of these principles in the instant case leads to the inescapable conclusion that the lease contained a provision that unambiguously established a duty to repair on the part of Allred. The lease stated that Allred "shall maintain the Premises in good repair at all times, including exterior, including parking lot and roof of the Premises and all major building equipment...."

■ Having established that the lease required that Allred maintain the premises in good repair, we turn to the question of whether Wetherbee made a submissible case. In order to make a submissible case on a claim of breach of contract, the party alleging a breach must prove: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages. *Howe,* 941 S.W.2d at 650. Every fact essential to liability must be supported by substantial evidence. *Id.* The evidence shows that a valid contract existed between Allred and Wetherbee and that Allred was obligated under that contract to maintain the premises in good repair. Allred admitted in his testimony that he had breached the lease. Wetherbee also presented evidence of damages. In short, Weatherbee made a case which was more than submissible. The trial court could not even discount Weatherbee's claim on grounds of credibility, since Allred admitted the elements of Weatherbee's claim. Thus, Weatherbee was entitled to prevail on his claim for damages as a matter of law.

■ Wetherbee also correctly contends that specific performance may be available as a remedy for Allred's breach. It is possible that monetary relief may not provide an adequate remedy under the facts in the instant case. *See Homar Enterprises, Inc. v. Daake,* 957 S.W.2d 353, 357 (Mo.App.1997).

Allred has not filed a brief on appeal. We have been provided with no authority suggesting that the tenant's only remedy in these circumstances is to claim constructive eviction. Perhaps the trial court was thinking of a circumstance of a residential lease in which there is no lease provision specifying a duty of the landlord to maintain the premises. *See, e.g., Detling v. Edelbrock,* 671 S.W.2d 265 (Mo. banc 1984). In the circumstances of the case before us, however, the landlord's duty to repair arises from an express covenant. Plaintiff was entitled to judgment as a matter of law. The trial court erred in failing to enter judgment for plaintiff.

Wetherbee asks us, under the authority of Rule 84.14, to give judgment as ought to have been given. An appellate court's rendition or modification of a judgment is looked upon with favor only when no further factual adjudication is necessary. *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65, 68 (Mo.App. 1984). Because the trial court did not make any factual determinations in this case, the case will be remanded for determination of damages, and to determine whether relief is also appropriate under plaintiff's claim for specific performance.

The judgment for Respondent Allred is reversed. The case is remanded for further proceedings consistent with this opinion.

EDWIN H. SMITH, P.J., and ELLIS, J., concur.