**Vern BOYD, Respondent,**

v.

**Marvin LOLLAR, Appellant.**

No. WD55699.

Missouri Court of Appeals, Western District.

Feb. 2, 1999.

Vern Boyd, Kansas City, pro se.

Alan Dietchman, Liberty, for Marvin Lollar.

Before: Presiding Judge LOWENSTEIN, Judge SPINDEN and Judge HOWARD.

LOWENSTEIN, Presiding Judge.

In his case tried to the court, the respondent Vern Boyd received a judgment for damages to his division fence, plus nominal damages for trespass, from actions arising out of the cutting of an abutting hedge by the appellant, Marvin Lollar, an adjacent landowner. On appeal Lollar seeks to set aside the judgment for damages awarded to Boyd for the fence. The primary issue on appeal is whether Boyd produced the sufficient quantum of evidence to sustain the judgment for an amount of damages to the fence.

This appeal arose out of a dispute between adjacent landowners over a partition fence and adjacent hedge, which divides the neighboring properties. The parties are in disagreement over whether the fence or the hedge constituted the boundary. Lollar wanted to remove the hedge. Boyd wanted the hedge to remain intact. After numerous unsuccessful attempts to reach an agreement, the appellant Lollar went ahead and removed part of the hedge. Lollar's removal of the hedge resulted in debris being deposited on Boyd's property, and in the process, approximately 300 to 350 feet of the approximately thousand foot length of fence was damaged. The fence was between 25 and 30 years old.

Count I of Boyd's petition alleged that Lollar trespassed upon his property by throwing debris, cutting down and damaging and destroying various trees and foliage, and damaging the partition fence. In Count II, Boyd alleged conversion. In his answer, Lollar denied the allegation of trespass and conversion and counterclaimed for malicious prosecution and harassment. The counterclaim was subsequently dismissed. After

hearing the evidence, the trial court awarded Boyd a judgment against Lollar for $1,000.00 for damage to the fence and nominal damages of $1.00 for trespass on Count I. The trial court found against Boyd on Count II.

Lollar's first point is that the trial court erred in assessing the amount of damages because the evidence produced regarding the cost to repair the fence was too speculative and not proven with reasonable certainty. In his second point Lollar argues that the trial court erred in ruling that the hedge separating the parties' property was an integral part of the partition of the two properties. The court is without the benefit of argument from respondent Boyd since he did not file a brief.

▪ In a court tried case, the judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

▪ The burden of proof of damages rests with the plaintiff. *Hargis v. Sample*, 306 S.W.2d 564, 569 (Mo.1957). In awarding damages, the trial court acknowledged that Boyd's proof fell "somewhat short," and his evidence was "slim." The only evidence presented on the amount of damage to the fence came in by way of the testimony of Boyd, which is quoted below.

> Q. And do you have an opinion as to the cost of repairs of the fence that was knocked out?
>
> A. Well, if you go in and put in a new fence, why, it would probably cost a thousand dollars or little less or a little more. I can't say just exactly what.

▪ Citing *Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo.1968) and *Sides Construction Co. v. Arcadia Valley R-II School District*, 565 S.W.2d 761 (Mo.App. 1978) and *Affiliated Acceptance Corp. v. Boggs*, 917 S.W.2d 652 (Mo.App.1996), Lollar claims that the evidence produced to support the award of damages was too speculative and not proven with reasonable certainty. The authorities cited by Lollar are inapplicable to the facts of this case as they generally involve contractual disputes with speculative evidence regarding loss of profits.

▪ The general measure of damages in Missouri for the destruction of a fence is the actual value of the fence as it stood, before destruction. *Beaty v. N.W. Electric Power Cooperative*, 312 S.W.2d 369, 371 (Mo.App. 1958); *Bolton v. Missouri–Kansas–Texas Railroad Company*, 373 S.W.2d 169, 173 (Mo.App.1963). Additionally, this court has held that the cost of repairing a fence to a condition equal to that existing before the damage is sufficient. *Bolton*, 373 S.W.2d at 173. If precisely applied, either of these methods would reach the same estimate as to the amount of damages. Id.

The court concludes that this evidence was not merely slim, it was insufficient to support an award of $1,000 in damages for the section of partition fence that was damaged. Specifically, Boyd's testimony estimated the cost of a completely new fence and was nonresponsive to the question as to the cost of repairs, the proper measure of damages in this case. Furthermore, it is not clear whether Boyd meant that it would cost $1,000 to replace only the damaged portion of the fence, or the entire fence.

▪ This court in *Weeks–Maxwell Construction Co. v. Belger Cartage Service, Inc.*, 409 S.W.2d 792, 796 (Mo.App.1966), quoting from 25 C.J.S. Damages, § 3, pp. 627, 628 stated:

> As a general rule, a person who has sustained loss or injury may receive no more than just compensation for the loss or injury sustained. He is not entitled to be made more than whole, and he may not recover from all sources an amount in excess of damages sustained, or be put in a better condition than he would have been had the wrong not been committed.

The testimony of Lollar estimated the fence to be at least 25 to 30 years old. An award of damages based on the cost of a new fence would make Boyd more than whole. In any event, Boyd's answer is speculative and uncertain as to amount to support a judgment of $1,000 in damages. Therefore, the judgment as to damages must be reversed.

This court in *Affiliated* found that if the deficiency in proof of the amount of damages was remediable, the case should be remanded to the trial court for further proceedings. Stating its preference for reversal and remand, this court said, "A plaintiff's verdict should be reversed without remand only if the appellate court is convinced that plaintiff could not make a submissible case on retrial." *Affiliated,* 917 S.W.2d at 656.

The court believes that the evidentiary deficiency as to the amount of, and certainty of, damages may be remedied and cured on remand. There should be submissible evidence available to Boyd on retrial to provide the court with an appropriate estimate either of the cost to repair the damaged portion of the partition fence, or the value of the fence prior to the damage. The issue of damages to the fence is remanded to the trial court for reception of evidence conforming to the proper measure of damages.

Lollar's second point reads, "The court erred in ruling that the hedge was part of the partition fence and in assessing damages based on the loss of the hedge as well as the fence because the weight of the evidence proved that the hedge was part of appellant's property." This point is somewhat baffling for several reasons. First, the point fails to comply with the mandate of Rule 84.04(d). Second, and even more puzzling is the trial court's judgment is silent on any damage being awarded to Boyd for the hedge. This point is denied.

The judgment as to damages to the fence is reversed and remanded for trial solely on the issue of the amount of damages sustained by Boyd for damage to the fence. The judgment as to trespass is affirmed.

All Concur.

---

**T.M.C., J.C.C., and F.L.C., Respondents,**