**John and Carol EVANS, Respondents,**

v.

**Kenneth WERLE, Appellant.**

**No. WD 57828.**

Missouri Court of Appeals,
Western District.

Nov. 14, 2000.

James Thompson, Richmond, for Appellant.

John and Carol Evans, Richmond, pro se.

Before LOWENSTEIN, P.J., LAURA DENVIR STITH and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

In November· of 1992, plaintiffs John and Carol Evans entered into a construction contract with defendant Ken Werle (Werle) in which Werle agreed to reconstruct their home, which had sustained fire damage, and to build a room addition. Soon after the Evanses' roof work was completed, shingles started blowing off the roof of their home causing it to leak. On

approximately three separate occasions, Werle and or his crew came out and replaced or reattached shingles to the roof. After the third repair, a worker for Werle told the Evanses that they would probably not come out and repair the roof again in the future. The Evanses did not contact Werle concerning subsequent leaks and loose shingles. Mr. Evans then patched the roof several times and in November of 1997 filed a petition for breach of contract and breach of warranty, alleging that Werle refused to make the necessary repairs to the roof, and asked for damages in the amount of $5,500.00 and reasonable attorney's fees. After a bench trial, judgment was entered in favor of the Evanses awarding them $5,500.00 in damages and $1,000.00 in attorney's fees. Werle appeals the judgment.

## Standard of Review

■ The standard of review of this bench-tried case is set out in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Higgins v. Olson*, 991 S.W.2d 216, 218 (Mo.App.1999). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. As a court-tried matter we accept as true the evidence and reasonable inferences therefrom in favor of the prevailing party and disregard the contrary evidence. *Gilmartin Bros., Inc. v. Kern*, 916 S.W.2d 324, 331 (Mo.App.1995). This court will set aside the trial court's decision only when firmly convinced that the judgment is wrong. *Waldroup v. Dravenstott*, 972 S.W.2d 364, 368 (Mo.App.1998).

## I.

Werle argues in his first point that the trial court erred in awarding the Evanses $5,500.00 on their claim for breach of warranty in that they failed to submit any evidence to sustain their burden of proof that he failed to complete the work in a substantial workmanlike manner or that he failed to make necessary repairs.

Here, the contract contained an express warranty that Werle "agree[d] to construct and complete in good workmanlike and substantial manner" the work that was done at the Evans' house. "Workmanlike performance has been defined as 'work which is completed in a skillful manner and is non-defective.'" *Waldroup*, 972 S.W.2d at 368.

Mr. Evans testified that soon after the roof work was completed pursuant to the contract with Werle, wind blew half of the shingles off the roof. Werle came out and patched the roof. Shingles continued to blow off the roof causing it to leak. Mr. Evans testified that Werle was called out to repair the roof on at least another three occasions to repair the roof. A worker for Werle told Mr. Evans that after the third repair, they would not come out again to do any more repairs. Mr. Evans also offered photographic exhibits of the roof and the patch work that has been done over a period of time to repair the roof and to keep it from leaking. Pictures were also offered of the interior of the house that has been damaged by the leaks in the roof, requiring buckets to be set out to gather the water coming from the roof into the house.

Mrs. Evans testified that after Werle's worker told her they would not come out and do any more repairs, Mr. Evans and a friend, Bob Lathrop, started repairing the roof when it leaked. Mrs. Evans stated that shingles blew off whenever the wind blew hard, especially during storms.

■ The trial court was free to believe none, part or all of the testimony presented at trial. *Milligan v. Helmstetter*, 15 S.W.3d 15, 21 (Mo.App.2000). Credibility of witnesses and the weight to be given their testimony are matters for the trial court. *Id.* Here, there was ample evidence presented for the trial court to find that the roof was defective. The evidence shows that shingles have blown off

the roof on a regular basis, that leaks have developed because of the shingle problem, that these problems still existed after Werle or a worker sent by him attempted to fix the problem on at least three occasions, and that Werle refused to do any further repairs, requiring the Evanses to continually patch the roof and place buckets under the leaks inside their house. Thus, the trial court was correct in finding that Werle breached the contract by not constructing the roof in a workmanlike manner.

## II.

Werle's second and third points will be taken up together. Werle argues that the trial court erred in allowing Mrs. Evans to testify about the cost of repairs from averaging the bids of contractors. Werle also argues that the testimony was hearsay and thus the trial court erred in awarding the Evanses $5,500.00 in damages and $1,000.00 in attorney's fees in that the Evanses did not submit any evidence to sustain their burden of proof on either damages or attorney's fees.

During Mrs. Evans' direct examination, she was shown plaintiff's exhibit 3 which consisted of estimates prepared by contractors for repair of the roof. An objection to this exhibit had been sustained by the trial court when it was offered during Mr. Evans' testimony. Mrs. Evans testified that she had obtained the estimates and that the suit was filed for $5,500.00 because that was the average amount of the estimates for repairing the roof. Werle objected to this testimony arguing that it was a "backwards way of trying to get [the] hearsay documents into the record through Mrs. Evans' testimony." The trial judge overruled Werle's objection, stating that "I think she's testifying on why they chose a certain amount to sue for." This court agrees that Mrs. Evans' testimony was hearsay.

Testimony is hearsay when a witness offers out-of-court statements of another to prove the truth of the matter asserted in the statement. *IMR Corp. v. Hemphill*, 926 S.W.2d 542, 545 (Mo.App. 1996). The principal objection to hearsay is the inability of the other party to cross-examine the person to whom the hearsay statement is attributed. *McKenna v. McKenna*, 928 S.W.2d 910, 912 (Mo.App. 1996).

Here, Mrs. Evans testified that based upon the estimates provided to her by roofing contractors, $5,500.00 was the average cost of repair for the damage to the roof. Mrs. Evans did not have personal knowledge of the cost of the roof repair. Further, her testimony was based off of the estimates and offered to prove the cost of repairing the roof. This testimony was hearsay and should not have been allowed by the trial court. No other testimony was offered by the Evanses to prove the cost of repair that was not either directly or indirectly linked to the roof repair estimates. Even if Mrs. Evans' testimony was not hearsay, it would have been necessary for the Evanses to first provide evidence of the diminution in value of their home due to the roof damage. "In real property cases, courts generally utilize the 'diminution in value' test, turning only to the 'cost of repair' test when it constitutes a lower amount of recovery." *Business Men's Assur. Co. of America v. Graham*, 891 S.W.2d 438, 450 (Mo.App.1994), *affirmed after remand and transfer* 984 S.W.2d 501 (Mo. banc 1999). "In defective construction cases, on the other hand, the 'cost of repair' test is favored, so that courts normally determine the damages by assessing the cost of correcting the defects or supplying the omissions." *Id.* A court, however, cannot apply cost of repair damages until after it hears evidence of value. *Flora v. Amega Mobile Home Sales, Inc.*, 958 S.W.2d 322, 324 (Mo.App.1998). Without evidence of the cost of repair of the roof or the diminution in value of their home, the Evanses did not provide sufficient evidence of damages, and in turn, did not make a submissible case for breach of

contract. Their claim, however, does give rise to nominal damages.

 "In order to make a submissible case on a claim of breach of contract, the party alleging a breach must prove: (1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages." *Wetherbee, Ltd. v. Allred,* 969 S.W.2d 756, 758 (Mo. App.1998). Here, the Evanses have proven the existence of a contract and its breach but have failed to provide submissible evidence of their damages. However, proof of a contract and its breach gives rise to nominal damages. *Wasson v. Schubert,* 964 S.W.2d 520, 526 (Mo.App. 1998). Because this court finds that the Evanses have proven the existence of a contract and a breach of that contract due to the defective roof installed by Werle, the Evanses are entitled to nominal damages. This determination also means that the trial court was correct in awarding the Evanses $1,000.00 in attorney's fees.

If a contract or statute provides that attorney's fees are recoverable, counsel is entitled to reasonable fees. *Next Day Motor Freight, Inc. v. Hirst,* 950 S.W.2d 676, 679 (Mo.App.1997). Generally, a trial judge is considered an expert on the reasonableness of attorney's fees, and his or her decision on whether to award fees will not be disturbed unless an abuse of discretion has been found. *Prosser v. Rethorn,* 928 S.W.2d 364, 365 (Mo.App. 1996). Here, the contract between the Evanses and Werle stated in paragraph 16 that "Should either party hereto bring suit in court to enforce the terms hereof any judgment awarded shall include court costs and reasonable attorney's fees to the successful party." Since the Evanses were the successful parties and Werle has not shown how the trial court has abused its discretion in awarding the Evanses $1,000.00 in attorney's fees plus interest on the judgment, the award of attorney's fees is affirmed. *Ken Cucchi Const., Inc. v. O'Keefe,* 973 S.W.2d 520, 528 (Mo.App. 1998).

Pursuant to our Rule 84.14 authority to give such judgment as the trial court ought to give and to finally dispose of the case, this court reverses the trial court's award of $5,500.00 in damages to the Evanses and awards them $1.00 in nominal damages and pursuant to the contract between the Evanses and Werle, awards them $1,000.00 in attorney's fees and costs.

All concur.