**James RISSLER and Jimmy J. Thomas, Appellants,**

v.

**Justin HEINZLER and Lance Neff, Respondents.**

**No. WD 71316.**

Missouri Court of Appeals, Western District.

July 27, 2010.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

James Rissler (Rissler) and Jimmy Thomas (Thomas) appeal the judgment of the trial court, which did not award damages to them even though the court found that defendant Justin Heinzler (Heinzler) breached the contract in question as it pertained to a sale of cattle jointly owned by Heinzler, Rissler, and Lance Neff (Neff). We affirm.

### Factual Background[1]

Rissler entered into a contract with Heinzler and Neff on July 11, 2003, regarding the ownership of 508 cows.[2] Pursuant to the contract, the cattle were divided into two equal shares, fifty/fifty. The first share belonged to Heinzler and Neff, and the second share belonged solely to Rissler. To purchase their share, Heinzler and Neff collectively paid Rissler $90,000 pursuant to the contract.

The contract expressly provided that "[n]o cattle shall be sold or moved without the 3 partners agreeing and being present at the time of moving the cattle" and that "[t]he parties must give each other 24[sic] notice of the moving by phone or presence."

Between July 11–25, 2003, Heinzler became aware of suspicious activity by Rissler, including the buying and selling of cattle. On or about July 26, 2003, Heinzler removed 162 cows (25% of the total cows) from the farm where they were kept and sold them at auction for $69,685.27. Heinzler provided no notice to either Rissler or Neff prior to selling these cows, and after deducting the debt owed by Rissler for the purchase of the cattle, he kept the remaining proceeds from the sale for himself.

Shortly thereafter, with no notice to the other parties, Rissler sold the remaining 75% of the cattle and kept 100% of the proceeds of this sale for himself. He provided no evidence of the amount of money he received from this sale. Rissler testi-

---

1. The facts are stated in the light most favorable to the judgment. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

2. Thomas was a named plaintiff in this lawsuit for whatever reason, notwithstanding the fact that he was not a party to this contract. Accordingly, for ease of analysis, we will refer to the plaintiffs as simply "Rissler."

fied that he made no profit at all from this sale.

On December 31, 2007, Rissler filed the instant "Petition On Contract And Petition For Conversion" in Saline County Circuit Court. On March 25, 2009, this matter was tried to the bench, with both Rissler and Heinzler presenting evidence to support their respective theories of the case.[3]

On March 25, 2009, the trial court issued its judgment, wherein it found that "Heinzler breached said contract on or about July 25, 2003 by removing and selling 162 head of cattle without notifying or receiving permission from the other parties to the contract." As it pertained to Neff, the trial court found that "Rissler failed to prove that Defendant Neff breached the contract."

Notwithstanding this breach of contract by Heinzler, the trial court found that Rissler "failed to prove the damages [he] allege[s] [he has] suffered" because he "did not provide the Court with evidence of the amount of money he was paid for the cattle he received nor did he provide evidence of the loan he paid off from his sale of the cattle he received."

Rissler now appeals.

### Standard of Review

■ This court reviews a bench-tried case under the standard established by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *W. Extralite Co. v. Safeco Ins. Co.*, 301 S.W.3d 527, 530 (Mo.App. W.D.2009). " '[T]he trial court's decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law.' " *Id.* (quoting *Furne v. Dir. of Revenue*, 238 S.W.3d 177, 179

(Mo.App. W.D.2007)). This court must view the evidence in a light most favorable to the judgment and disregard all contrary evidence and permissible inferences. *Id.*

### Analysis

In his sole Point Relied On, Rissler argues that the "trial court erred in not awarding [him] damages because he proved both a breach of the contract and the damages caused by the breach in that the evidence was sufficient to determine the profit received by the defendant."

■ "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010).

■ The only issue on appeal is whether the trial court erred in failing to award damages. The parties do not dispute that Heinzler breached the contract in question. Specifically, there is no dispute that Heinzler breached the contract by removing and selling 162 head of cattle without notifying or receiving permission from the other parties to the contract as required by the contract.

■ However, the trial court found that Rissler failed to prove damages because he did not present evidence of the amount of money he received from the sale of the remaining 75% of the cattle, nor did he provide evidence of the loan he paid off from the sale of the cattle he received.

[A] party claiming damages for breach of contract bears the burden of proving the existence and amount of damages with reasonable certainty. Stated other-

---

**3.** For whatever reason, Neff did not participate in the litigation and is not an active party

to this appeal.

wise, proof of actual facts which present a basis for a rational estimate of damages without resorting to speculation is required. Additionally, the cause of the damage claimed must be proven with reasonable certainty.

*Delgado v. Mitchell,* 55 S.W.3d 508, 512 (Mo.App. S.D.2001) (footnote, internal citations, and quotation marks omitted.) While, Rissler testified that he made no profit at all from this sale, the trial court was free to believe or disbelieve this testimony. *Cent. Am. Health Scis. Univ., Belize Med. Coll. v. Norouzian,* 236 S.W.3d 69, 77 (Mo.App. W.D.2007).

On appeal, Rissler fails to demonstrate that the trial court erred in concluding that he did not prove the existence of actual damages resulting from Heinzler's breach of contract. Specifically, it is undisputed that pursuant to the contract Rissler was entitled to only 50% of the cattle, yet after Heinzler breached the contract *Rissler received the remaining 75% of the cattle* and Defendant Neff received none. To date, Heinzler's breach of the contract actually resulted in a windfall for *Rissler,* because he apparently retained a 25% greater share in the cattle than he was entitled to under the contract.

Rissler has failed to demonstrate that the trial court's conclusion, that he did not sustain actual damages, was somehow against the weight of the evidence. For example, Rissler argues that because "he did not make any profit from the sale of the remaining cattle," this somehow demonstrated that he was damaged. From Rissler's own testimony it is apparent that the reason he did not "get any money whatsoever" from selling 75% of the livestock is not because he failed to sell the cattle for a profit, but rather because he personally owed money to a third party bank and was forced to use the proceeds from that sale to pay off that lender. Ultimately, the fact that Rissler owed money to a third party was irrelevant to the instant dispute over the contract and cannot be a basis for relief on appeal.

In light of the fact that the contract provided that the partners were to share in the profit for the sale of all the cattle, Rissler argues that he is entitled to his 50% share of the $69,685.27 that Heinzler received for the sale of the first 25% of the cattle. However, the trial court did not find that Heinzler breached the contract by failing to properly account for the profit on the sale. The trial court only found that Heinzler breached the contract by failing to give the required notice of the sale. The "damages" Rissler claims do not necessarily flow from Heinzler's breach. Even presuming the question of the division of the profit was before the trail court, to determine whether Rissler failed to get the benefit of the bargain he struck in the contract and therefore was damaged, the operative question is whether Rissler obtained "one half the money" as it pertained to the sale of *all the cattle.* But, as the trial court noted, Rissler failed to adduce any evidence as to how much he received from the sale of the other 75% of the cattle. Rissler has failed to demonstrate how Heinzler's breach of the contract (i.e. failure to provide the contractual notice of a sale) deprived him of the benefit of the bargain because, for example, Rissler may have sold his share of the cattle at a far greater price per head than Heinzler. It certainly strains the bounds of credibility that Heinzler could have made a profit of almost $70,000 for the sale of 25% of the cattle but Rissler could have no profit whatsoever on the sale of the remaining 75% a few weeks later.

Rissler insinuates on appeal that Heinzler's breach of the contract caused him to sustain damages because he lost anticipated profits from the cattle, but Rissler failed to put forth sufficient evidence to support such a theory at trial. "The

general rule as to recovery of anticipated profits of a commercial business is that they are too uncertain and dependent upon changing circumstances to warrant a judgment for their recovery." *Brown v. McIbs, Inc.*, 722 S.W.2d 337, 341 (Mo.App. E.D.1986). "The rule is well settled in this state that damages for the loss of anticipated profits resulting from actionable conduct of another 'are recoverable only when they are made reasonably certain by proof of actual facts which present data for a rational estimate of such profits.'" *Id.* at 340–41 (quoting *Yaffe v. Am. Fixture Inc.*, 345 S.W.2d 195, 199 (Mo.1961)). In addition, because the contract could be terminated at any time by any partner who wished to have the cattle sold, the potential for anticipated profits from the sale of cattle yet to be born is too speculative to support a claim for future damages. Therefore, we reject the notion that the trial court somehow erred in refusing to award Rissler damages under an anticipated profits claim.

█ Heinzler admits that he breached the contract, which in some cases may give rise to an award of nominal damages, even if the party against whom the breach occurred fails to establish specific damages. *Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. App. W.D.2000). However, in this case, where the evidence establishes that the non-breaching party may have profited as a result of the breach, an award of nominal damages is inappropriate.

Accordingly, Rissler's point is denied.

### Conclusion

The judgment of the circuit court is hereby affirmed.

All concur.