**THE MANORS AT VILLAGE GREEN CONDOMINIUM, INC.,**
**Plaintiff/Respondent,**

v.

**Ann WEBB, Defendant/Appellant.**

**No. ED 95067.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 2011.

David O. Kreuter, Clayton, MO, For Defendant/Appellant.

Stephen P. Ahlheim, St. Charles, MO, For Plaintiff/Respondent.

SHERRI B. SULLIVAN, P.J.

*Introduction*

Ann Webb (Webb) appeals from the trial court's judgment entered in favor of The Manors at Village Green Condominium, Inc. (the Association) and against Webb for past assessments, accelerated assessments, late fees, costs and attorney's fees. We reverse and remand.

*Factual and Procedural Background*

Webb is the owner and resident of a condominium unit in The Manors at Village Green (Village Green), a 66–unit condominium complex located in St. Louis County. The Association is a corporation that, through its board of directors, establishes and levies assessments against condominium owners for maintenance of the complex. On July 31, 2009, the Association filed a Petition for Assessments against Webb for unpaid assessments, late fees and attorney's fees. Webb did not file an answer to the petition.

On May 5, 2010, the court conducted a trial. Keith McCracken (McCracken), a property manager for Association Management Corporation (AMC), testified on behalf of the Association. AMC is a professional management company which manages condominium and homeowner associations, including Village Green.

McCracken testified that in 2009 and 2010, the annual assessment for Village Green was payable in $300 installments on the first of every month. There was a special assessment of $338 levied in May 2009 but no special assessment in 2010. McCracken testified that he is familiar with the Association's account ledger. McCracken stated that Webb's account with the Association was last current on April 30, 2009 and that Webb has made no payments since then. The Association sought payment of past assessments for May 2009 through May 2010, totaling $3,900; $165 in late fees from May 2009; acceleration of the remaining assessments for June to December 2010; plus attorney's fees and costs.

McCracken testified that AMC took over management of the Village Green in January 2006. The Association's account ledger dating from January 1, 2006 was admitted into evidence. The ledger contains entries for this date described only as "Balance Forward" totaling $3,044.15 on Webb's account. McCracken testified that this amount was given to AMC by the prior management company, Grier Group. McCracken did not personally verify the figures given to him by Grier Group.

McCracken acknowledged that Grier Group's figures were subsequently determined to be inaccurate and that the Association "zeroed out" Webb's balance on July 30, 2008 by applying a credit of $2,137.63.[1] McCracken stated that this credit amount was chosen because that was the amount owed on the account.

Webb testified that she has not made any payment to the Association since May 2009. Webb testified that she did not have any balance due on her 2005 assessments and that the Association's ledger was in-

1. A review of the Association's ledger indicates that this credit did not bring Webb's account balance to zero but left her with a negative balance of $299.25.

correct because there should not have been any "balance forward" in January 2006. Webb stated that she did not owe the Association any money until October 2009 and that she should not have been charged any late fees prior to then because there was no amount due. Over the Association's objections, Webb entered into evidence a ledger she prepared reflecting her accounting.

On May 11, 2010, the trial court entered its judgment in favor of the Association and against Webb in the amount of $6,575.00 for past assessments, accelerated assessments through December 31, 2010, late fees, and attorney's fees. This appeal follows.

## Points on Appeal

In her first point on appeal, Webb argues the trial court erred in entering judgment in favor of the Association because there was no substantial evidence to support the judgment in that the court's calculation of assessments, late fees and attorney's fees was based upon a ledger created by the Association that contained starting balances that were, by the Association representative's own admission, unsubstantiated.

In her second point on appeal, Webb argues the trial court erred in entering judgment in favor of the Association because there was no substantial evidence to support the authority of the Association to collect accelerated assessments, late fees and attorney's fees in the judgment.

## Standard of Review

We review a court-tried case under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Rissler v. Heinzler*, 316 S.W.3d 533, 536 (Mo.App. W.D.2010). This Court views the evidence in the light most favorable to the decision and disregards contradictory evidence. *Id.*

## Discussion

In her first point, Webb argues the trial court erred in entering judgment in favor of the Association because the Association failed to meet its burden of proving the existence and amount of damages it sustained with reasonable certainty, in that the Association's calculation of damages was based on starting balances due as of January 1, 2006, which were unsubstantiated and unverified. The Association contends that because it was only seeking assessments from April 30, 2009 forward and Webb failed to allege payment as an affirmative defense, all of the evidence related to prior payments or balances should not have been admitted or considered by the court. The Association contends the judgment is proper because Webb admitted that she had not paid any fees since May 2009.

"[A] damage award must be based on more than 'a gossamer web of shimmering speculation and finely-spun theory.'" *Delgado v. Mitchell*, 55 S.W.3d 508, 511–12 (Mo.App. S.D.2001), quoting *Carmel Energy Inc. v. Fritter*, 827 S.W.2d 780, 783 (Mo.App. W.D.1992). The party claiming damages has the " 'the burden of proving the existence and amount of damages with reasonable certainty.'" *Delgado*, 55 S.W.3d at 511–12, quoting *American Laminates, Inc. v. J.S. Latta Co.*, 980 S.W.2d 12, 23 (Mo.App. W.D.1998). See also *Boyd v. Lollar*, 985 S.W.2d 403, 405 (Mo.App. W.D.1999). An award of damages must be supported by competent and substantial evidence. *Carmel Energy, Inc.*, 827 S.W.2d at 782–83. This requires proof of facts supporting a basis for a

rational estimate of damages without resorting to speculation. *Delgado*, 55 S.W.3d at 511–12. The trial court's findings as to damages are entitled great weight and this Court will not disturb these findings unless the damages awarded are clearly wrong, could not have been reasonably determined, or were excessive. *Williams v. Williams*, 99 S.W.3d 552, 557 (Mo.App. W.D.2003).

Webb did not file an answer, counterclaim, or any affirmative defenses to the Association's petition. Pleadings in the trial court are informal unless otherwise directed. Section 517.031.1.[2] As such, an answer is not required and the failure to file such results in the allegations in the petition being deemed denied. Section 517.031.2. Although the Association is correct that payment is an affirmative defense which a defendant must plead, Section 517.031.2, the Association has provided this Court with no authority suggesting that Webb's failure to do so absolves the Association of its duty to prove its damages.

■ Here, the evidence regarding the existence and amount of damages is lacking in material respects and does not rise to the level of substantial evidence sufficient to support the award. The Association asserts that only evidence from May 2009 forward can be considered because Webb's account was last current at the end of April 2009 and it is only seeking payments from that point. However, the Association introduced into evidence its ledger dating from January 1, 2006, which showed an unexplained beginning balance of $3,044.15. Not only was there no explanation for the balance forward either on the ledger itself or presented by McCracken, but McCracken's testimony actually highlighted the unreliability and speculative nature of the balance forward entries.

McCracken testified that the balance forward amounts were given to AMC by Grier Group and that he did not verify their accuracy. In addition, McCracken admitted that it was later determined that Grier Group's figures were inaccurate and that Webb's account was adjusted due to the inaccurate starting balance. Webb's account was eventually credited $2,137.63, well below the $3,044.15 she was initially charged. McCracken testified this credit amount was chosen because it would have brought Webb's account to zero. McCracken's explanation is untenable, especially in light of the fact that this credit did not "zero out" Webb's account. The Association needed to credit Webb the amount that she was actually owed, presumably based on some justifiable calculation, not an amount chosen seemingly at random.

All of the Association's subsequent penalty fees and their application of credits and debits to Webb's account are completely dependent upon the initial balance being correct. If the balance forward added to Webb's account was not accurate, then the Association's entire accounting as evidenced by its ledger is fatally flawed and completely unreliable.

The Association brought this action against Webb seeking damages for unpaid assessments, and it has the burden of proving that it was, in fact, damaged and the amount of damages it has sustained. Instead, the Association's evidence of damages was speculative at best. We hold that the Association failed to prove the existence and amount of damages with reasonable certainty and the trial court's judgment in favor of the Association is not supported by competent and substantial evidence. Given the error in the calculation of damages, the trial court is free to

**2.** All statutory references are to RSMo 2006, unless otherwise indicated.

accept new evidence on the issue of damages.

In light of our finding on Webb's first point on appeal, we do not address Webb's remaining point. On remand, it will be necessary for the trial court to reevaluate the appropriateness of the Association's demand for acceleration, late fees, and attorney's fees in light of the evidence presented regarding the Association's damages. The trial court's judgment award in favor of the Association is reversed, and the cause remanded for a new trial

### Conclusion

The judgment of the trial court is reversed and remanded.

CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J., concur.