**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dennis Keith PARKER,
Defendant-Appellant.**

No. 42313.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1981.

Michael J. McAvoy, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault in the first degree, § 565.050, RSMo 1978, and stealing from a person, § 570.-030(2), RSMo 1978. Appellant was a persistent offender [1] and the trial court sentenced him to fifteen years for the assault charge and ten years for stealing, the sentences to be served consecutively.

Appellant relies on three points in which he argues: (1) the trial court improperly refused to give his proposed self-defense instruction; (2) the trial court erroneously refused to instruct the jury that evidence of prior unrelated convictions could be used only for the purpose of deciding the believability of defendant, MAI-CR 3.58, and instead gave MAI-CR 3.60 which permitted the jury to consider the evidence of the prior convictions on the issue of the intent of the defendant; and (3) the trial court erred in denying appellant's motion for acquittal on the stealing charge because there was insufficient evidence to support a guilty finding on the stealing charge.

Appellant's second point is meritorious. Because this error requires reversal, it is unnecessary to rule on the issue raised in point one concerning the self-defense instruction.

The evidence viewed in the light most favorable to the jury's verdict follows: Appellant, his girlfriend and four male companions were traveling south in appellant's automobile on Highway 21 between 11:30 and midnight, Monday, March 19, 1979.

Roger Allen Whipple, driving a 1969 white Cadillac, passed them, continued ahead and pulled away from appellant's car. Appellant then overtook and passed Whipple's Cadillac and while passing, Gregory Renner, an occupant of appellant's car, made an obscene gesture at Whipple. Tommy McCool, another occupant, threw a beer bottle from the rear window, striking Whipple's car. When appellant then slowed down in front of Whipple, Whipple attempted to pass appellant's automobile again but was prevented from doing so by appellant's obstructive driving maneuvers. Finally, both vehicles pulled over and stopped on the shoulder of the highway, the Cadillac behind appellant's car.

A heated discussion between the five male occupants of appellant's car and Whipple resulted in a fight which left Whipple badly beaten and disfigured. There was conflicting evidence of who struck the first blow. Gregory Renner took one hundred eleven dollars ($111.00) from Whipple's wallet, leaving the wallet at the scene. Appellant and his companions then drove off.

The money was recovered from appellant's car after all of the occupants were arrested and taken to the Jefferson County jail at Hillsboro. Appellant attempted to swallow $50.00 in currency, which he claimed belonged to him. He took it from a desk at the jail while the arrest papers were being processed. The $50.00 was taken from him before he could ingest any of the bills. Appellant was subsequently charged and convicted of assault and stealing and this appeal followed.

■ The instruction error claimed by appellant requires reversal. Appellant requested that the jury be instructed they could consider his prior convictions only on the issue of his believability. MAI-CR 3.58.[2]

1. Section 558.016(2), RSMo 1978. Appellant was sentenced to two years (five concurrent two-year terms) in the penitentiary in 1978 after he pleaded guilty to three counts of burglary and two counts of stealing. He was placed in the penitentiary April 20, 1978 and released March 7, 1979, 12 days before this incident took place.

2. "If you find and believe from the evidence that the defendant was convicted of the offenses of burglary and stealery (sic), you may consider that evidence for the sole purpose of deciding the believability of the defendant and the weight to be given his testimony and for no other purpose. You must not consider such previous convictions as any evidence that the

The trial judge refused the offered instruction and instead gave MAI-CR 3.60 [3] which allowed the jury to consider prior convictions both on the issue of intent and also in deciding the believability of appellant and the weight to be given to his testimony. Appellant correctly asserts that the trial court's refusal to give MAI-CR 3.58 was error. Rule 28.02(a), (c), (e). The Notes on Use to MAI-CR 3.58 clearly indicate that it should be given because the prior convictions of appellant were unrelated to the crimes presently charged.[4]

Respondent concedes that the failure to give the requested instruction and the giving of MAI-CR 3.60 instead is error, the prejudicial effect of which is to be determined by the appellate court. Rule 28.-02(e). Noncompliance with Rule 28.02 or the applicable Notes on Use is deemed prejudicial unless the contrary clearly appears. *State v. Graves*, 588 S.W.2d 495, 497[1] (Mo. banc 1979); *State v. Clifton*, 549 S.W.2d 891, 894[3] (Mo.App. 1977). The contrary does not appear here.

Respondent contends that the error was harmless because there was ample evidence of appellant's guilt and intent to commit the crimes charged, and "error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." *State v. Epperson*, 571 S.W.2d 260, 268–269[8] (Mo. banc 1978), *cert. denied* 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979); *State v. DeGraffenreid*, 477 S.W.2d 57, 65 (Mo. banc 1972). Both of these cases dealt with error in the admission of evidence. The supreme court cautioned:

"[E]rror ... should not be declared harmless unless it is so without question. [Citations omitted.] In *State v. Wynne*,

[353 Mo. 276] 182 S.W.2d loc. cit. [294, 300], this court said: 'The record does not demonstrate that the defendant was not injured by the error as by showing that the jury disregarded or could not have been influenced by the evidence.'"

*DeGraffenreid, supra* at 64–65[14].

■ The error in the case under review was not improper admission of evidence but the giving of an erroneous jury instruction. The jury was instructed that they could consider appellant's prior unrelated convictions for burglary and stealing on the issue of intent to commit assault upon or steal from the person of the victim. There was no "overwhelming evidence" of his intent to commit the crimes charged. The prosecutor in his closing argument emphasized the instruction by telling the jury they could consider the prior felony convictions in assessing appellant's intent to steal. Such a comment in closing argument is prejudicial error. *State v. Guernsey*, 577 S.W.2d 432, 436[2, 3] (Mo.App. 1979), citing *State v. Phelps*, 478 S.W.2d 304, 307–308 (Mo.1972) and *State v. Mobley*, 369 S.W.2d 576, 580 (Mo.1963).

No showing could be made that the jury disregarded the erroneous instruction or that appellant was not injured by it. The evidence of intent was not so clear that it would support a holding by this court that the jury based its finding of intent necessary to guilt entirely on that evidence, and that the instruction error was harmless. Instructions of the court carry great weight with juries, especially when emphasized by counsel in argument. The admitted error was prejudicial and requires reversal.

■ Appellant's third point alleges error in the denial of his motion for a judgment

---

defendant is guilty of any offense for which he is now on trial." Submitted by defendant and refused by the court.

3. "If you find and believe from the evidence that the defendant was convicted of offenses other than the one for which he is now on trial, you may consider that evidence on the issue of intent of the defendant and you may also consider such evidence for the purpose of deciding the believability of the defendant and the

weight to be given to his testimony. You may not consider such evidence for any other purpose." MAI-CR 3.60.

4. "If the defendant testifies and if there is evidence that defendant was convicted of an 'unrelated crime' and if there is no evidence that defendant was either convicted of or involved in a 'related crime,' then only MAI-CR 3.58 should be given." Notes on Use MAI-CR 3.58.

of acquittal on the stealing charge because there was insufficient evidence to support the jury's finding of guilt. This point is ruled against appellant.

There was evidence that the stolen money was found in appellant's automobile after it was taken by appellant's companion. Appellant attempted to destroy the evidence of stealing by swallowing the stolen currency. There was sufficient evidence to support submission of the stealing charge to the jury. The trial court did not err in denying appellant's motion for acquittal.

The judgment is reversed and the cause remanded for retrial on both the assault and the stealing charges.

CRIST, P. J., and REINHARD, J., concur.

