STATE of Missouri, Respondent,

v.

Brian Keith RADFORD, Appellant.

No. WD 32843.

Missouri Court of Appeals,
Western District.

Dec. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 1, 1983.

Robert M. Paskal, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City,
John M. Morris, III, Asst. Atty. Gen., for
respondent.

Before NUGENT, P.J., and TURNAGE
and LOWENSTEIN, JJ.

TURNAGE, Judge.

Brian Keith Radford was found guilty by
a jury of assault in the second degree under
§ 565.060 RSMo.1978. In accordance with
the jury's verdict, the court sentenced him
to four years imprisonment, with the sen-

tence to commence at the conclusion of the sentence he is now serving. Affirmed.

Brian Radford was confined along with his brother, Britt Radford, at the Missouri Training Center for Men in Moberly, Missouri. On July 7, 1979, just after Britt had been released from solitary confinement, a recreational officer noticed Britt and Brian standing with an inmate named Kenner in the gymnasium. As the officer watched the three, they engaged in a brief and inaudible conversation. When the conversation had ended, Kenner backed up against a wall, and Britt and Brian each drew an oblong, metal object from their clothing. Kenner apparently was not in possession of a weapon at the time. The officer stated that Brian struck at Kenner with his metal object, but missed. Britt then stabbed Kenner in the side.

After he was stabbed, Kenner fled through the recreation building, with Britt and Brian in hot pursuit. During the chase, Britt was observed carrying a homemade knife and a screwdriver, and Brian was observed carrying a screwdriver. Britt caught up with Kenner in the recreation building and stabbed him again before Brian caught up with the two. Kenner again fled, this time outside the building. Britt and Brian ran back through the recreation building, followed by several prison employees and inmates. During this chase, witnesses observed Britt stop and push something into the ground in a flower garden.

Both Britt and Brian were subsequently captured, and two screwdrivers and a homemade knife were recovered. Brian's defense was that Britt had been threatened by several inmates while he was in solitary, and that on the occasion in question he and Britt had been surrounded by a number of inmates who were threatening to kill Britt.

■ Brian first contends that there is one page missing from the transcript, and that the instructions given to the jury were not included in the legal file. The responsibility for the filing of a transcript on appeal rests with the appellant, and if the transcript is defective or omits materials, it is the appellant's duty to take steps to supply the omission or cure the defect. *State v. Cleveland*, 627 S.W.2d 600, 601[2] (Mo.1982). In light of this rule, Brian is in no position to complain of omission or defects in the transcript or legal file. However, to expedite the appeal, the State has gratuitously supplemented the legal file with the instructions that were given. In addition, an examination of the transcript shows that the one page omitted has no bearing on this appeal, and in no way hinders the review of the points raised. Thus, this point presents nothing for review.

■ Brian's next complaint relates to the giving of Instruction No. 7, which was in the form of MAI–CR 2.10. That instruction informed the jury that a person is criminally responsible for the conduct of another in committing or attempting to commit an offense, when before or during the commission of the offense and with the purpose of promoting the commission of the offense, that person aids the other person in committing the offense. Brian contends that there was insufficient evidence to support the court's giving of this instruction. It is, however, apparent from the facts set out above that there was sufficient evidence from which the jury could find that Brian actively participated in assaulting Kenner as well as assisting Britt in his assault upon Kenner. This was sufficient to support the giving of the instruction. *State v. Collier*, 624 S.W.2d 30, 35[12] (Mo.App.1981). Thus, Instruction No. 7 was properly given.[1]

---

1. Though not raised on this appeal, it is noted that MAI–CR 2.12 was not given as the verdict director as required by MAI–CR 2.10, Note 3. The verdict director on each degree of assault was in the form of MAI–CR 19.02, 19.04.1, and 19.06.1. However, even if it was error to use these forms rather than MAI–CR 2.12, there was no prejudice to Brian because the forms used permitted the jury to convict him only as an active participant. By narrowing the basis for his conviction, the use of the assault forms rather than MAI–CR 2.12 worked to his advantage and was at most harmless error. *State v. Murray*, 630 S.W.2d 577, 580[4] (Mo. banc 1982).

Brian next contends that he was improperly cross-examined by the prosecutor concerning his prior offenses. There is no doubt that when Brian took the stand, the State had an absolute right to bring out his past convictions for the sole purpose of affecting his credibility. *State v. Williams*, 603 S.W.2d 562, 568[11] (Mo.1980). In light of this, Brian's complaint that the State introduced evidence of other crimes is entirely unfounded. Furthermore, the court correctly gave MAI–CR 3.58, which informed the jury that the prior convictions were to be considered for the sole purpose of deciding the believability of Brian's testimony, and not as evidence that Brian was guilty of the offense for which he was on trial.

Brian next contends that the court failed to give an instruction on the lesser included offense of assault in the third degree. This argument is refuted by Instruction No. 6, which was given and allowed the jury to find Brian guilty of assault in the third degree if it did not find him guilty of assault in first or second degree.

Brian's final claim is that the evidence was insufficient to support the conviction. Brian bases his argument solely on his version of the facts. For the purposes of this appeal, the State's evidence is accepted as true together with all reasonable inferences drawn therefrom, and all evidence and inferences to the contrary are disregarded. *State v. Ludwig*, 609 S.W.2d 417–18 (Mo.1980). Thus, the statement of facts clearly refutes Brian's argument on this point.

The judgment is affirmed.

All concur.