STATE of Missouri, Plaintiff–
Respondent,

v.

Mark A. FRANKENBERG,
Defendant–Appellant.

No. 18961.

Missouri Court of Appeals,
Southern District,
Division One.

May 12, 1994.

Douglas L. Levine, Ferguson, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Chief Judge.

Mark A. Frankenberg (defendant) was found guilty, following a jury trial, of sodomy and sentenced to imprisonment for a term of 10 years. § 566.060.3, RSMo Supp.1990. Defendant appeals contending the trial court erred in giving MAI–CR 3d 310.12 as a jury instruction. This court reverses and remands the case for a new trial.

Defendant and his girlfriend (now his wife) were visiting her relatives in Salem, Missouri. They were staying with defendant's girlfriend's cousin. An eleven-year-old relative of defendant's girlfriend was also there. The girlfriend's relative, a girl, testified that defendant came to her bed during the night, asked if he could lay down with her, laid down beside her, removed her underwear and inserted his finger in her vagina.

Defendant testified in his own behalf. He denied the victim's allegations. Defendant was asked if he had previously been convict-

ed of other criminal offenses. He testified that he had been convicted of selling drugs and of burglary and stealing. One of the instructions the trial court gave the jury, Instruction No. 7, was patterned after MAI–CR 3d 310.12. It stated:

If you find and believe from the evidence that the defendant pled guilty to offenses other than the one for which he is now on trial, you may consider that evidence on the issue of intent of the defendant and you may also consider such evidence for the purpose of deciding the believability of the defendant and the weight to be given to his testimony.

■ Defendant contends, and the state concedes, that Instruction No. 7 was erroneous; that the correct instruction, under the facts of the case, would have been one patterned after MAI–CR 3d 310.10.[1]

Notes on Use to MAI–CR 3d 310.12 state that its use "is governed by Notes on Use 3 under MAI–CR 3d 310.10" and the Notes on Use that appear following MAI–CR 3d 310.-12. The part of note 3 under MAI–CR 3d 310.10 applicable to this appeal states:

The following rules will govern the use of MAI–CR 3d 310.10 and 310.12 as supplemented by the Notes on Use under MAI–CR 3d 310.12:

(a) Explanation of terms used in Notes on Use:

(i) Prior crimes committed by the defendant will be referred to as either "related" or "unrelated." "Related crimes" are those which may go to show intent, motive, etc. Such crimes may be shown by the state as substantive evidence of guilt of the crime on trial, whether the defendant testifies or not. See MAI–CR 3d 310.12. In addition, if defendant takes the stand as a witness, proof of conviction of, pleas of guilty to, pleas of nolo contendere to, and findings of guilt of "related crimes" may be con-

sidered as impeaching his credibility as a witness.

(ii) "Unrelated crimes" are those convictions, pleas of guilty, pleas of nolo contendere, and findings of guilt which may be considered solely for the purpose of impeaching the credibility of the defendant if he testified.

.    .    .    .    .

(b) If the defendant testifies and if there is evidence that defendant was "convicted, etc." of an "unrelated crime" and if there is no evidence that defendant was either "convicted, etc." or involved in a "related crime," then only MAI–CR 3d 310.10 should be given.

.    .    .    .    .

In *State v. Shaw,* 636 S.W.2d 667 (Mo. banc 1982), this state's supreme court declared:

A criminal defendant has the right to be tried only for the crime or crimes with which he is charged. *State v. Wright,* 582 S.W.2d 275, 277 (Mo. banc 1979); *State v. Holbert,* 416 S.W.2d 129, 132 (Mo.1967). The admission of evidence of offenses unrelated to the cause on trial breaches that right because it may result in a conviction founded upon crimes of which the defendant is not accused. Thus, the long-established general rule is that proof of the commission of separate and distinct crimes is inadmissible unless it has some legitimate tendency to establish that the defendant is guilty of the crime with which he is charged. *State v. Lasley,* 583 S.W.2d 511, 517 (Mo. banc 1979); *State v. Carter,* 475 S.W.2d 85, 88–89 (Mo.1972); *State v. Shilkett,* 356 Mo. 1081, 1086, 204 S.W.2d 920, 922–23 (1947); *State v. Harrold,* 38 Mo. 496, 497–98 (1866). Specifically, such evidence is admissible to prove the crime charged when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the

---

1. MAI–CR 3d 310.10 provides:

If you find and believe from the evidence that defendant (was convicted of) (was found guilty of) (pled guilty to) (pled nolo contendere to) the offense of [*specify the offense*], you may consider that evidence for the sole purpose of deciding the believability of the defendant and

the weight to be given to his testimony and for no other purpose. (You must not consider such previous (conviction) (finding of guilt) (plea of guilty) (plea of nolo contendere) as any evidence that the defendant is guilty of any offense for which he is now on trial.)

commission of two or more crimes so related that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial. *State v. Reese,* 364 Mo. 1221, 1226, 274 S.W.2d 304, 307 (banc 1954). *Id.* at 671–72.

The crimes to which defendant previously pleaded guilty—selling drugs, burglary and stealing—were unrelated to the offense of sodomy for which he was being tried. As such, evidence of defendant's prior convictions were admissible and could be considered by the jury for the sole purpose of deciding the believability of his testimony. *State v. Radford,* 646 S.W.2d 364, 366 (Mo. App.1982); *see also* § 491.050, RSMo 1986.

The trial court erred in giving an instruction patterned after MAI–CR 3d 310.12 as Instruction No. 7. The pattern instruction that should have been followed was MAI–CR 3d 310.10, *supra,* n. 1. *State v. Olds,* 831 S.W.2d 713, 721 (Mo.App.1992). *See also State v. Radford, supra,* at 365; *State v. Parker,* 617 S.W.2d 83, 85 (Mo.App.1981).[2]

■ Notwithstanding its acknowledgment that the giving of MAI–CR 3d 310.12 as Instruction No. 7 was erroneous, the state contends that defendant did not preserve the issue for appellate review because defendant failed to set out the instruction "in full in the argument portion of the brief." Rule 30.06(e).

> Rule 30.06(e) includes the requirement:
> If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief.

The state's position is well-taken. By not setting out Instruction No. 7 in the argument portion of his brief, defendant failed to preserve the question of instructional error. *State v. Williams,* 674 S.W.2d 46, 48 (Mo. App.1984). Nevertheless, this court may grant plain error review. *State v. Harnar,* 833 S.W.2d 25, 27 (Mo.App.1992), citing *State v. Childers,* 801 S.W.2d 442, 444 (Mo.App. 1990).

Although defendant did not set out Instruction No. 7 in the argument portion of his brief, it was included in his statement of facts and in the legal file that is part of the record on appeal. This does not excuse compliance with Rule 30.06(e); however, it promotes plain error review in that the instruction is readily before the court.

■ This court has discretion to consider plain errors affecting substantial rights upon finding that manifest injustice or miscarriage of justice has occurred by reason of trial court error. *Harner,* 833 S.W.2d at 27. There is no exact formula for determining whether plain error has occurred. "Consequently, it has been judicially recognized that the existence or non-existence of 'plain error' must be coped with on a case to case basis and rebalanced each time against the particular facts and circumstances of each case." *State v. Miller,* 604 S.W.2d 702, 706 (Mo.App. 1980).

■ The state, in urging this court to hold that the error was not prejudicial let alone violative of the "plain error rule," contends there was no manifest injustice or miscarriage of justice, but merely harmless error because Instruction No. 7 told the jury it could consider defendant's commissions of prior offenses "on the issue of intent" as well as "for the purpose of deciding the believability of the defendant and the weight to be given to his testimony." It summarizes its argument:

> The jury was not required to find appellant had an intent to commit the crime in order to find him guilty beyond a reasonable doubt. In fact, no evidence of criminal intent is required in a conviction for statutory sodomy.

The state fails to address, however, the omission of that part of MAI–CR 3d 310.10, the instruction that should have been given rather than MAI–CR 3d 310.12, that states, "[Y]ou may consider [the evidence of prior offenses committed by defendant] *for the sole purpose* of deciding the believability of the

**2.** MAI–CR 3d 310.10 is a revision of and replaces MAI–CR 2d 3.58. MAI–CR 3d 310.12 is a revision of and replaces MAI–CR 2d 3.60.

defendant and the weight to be given to his testimony *and for no other purpose.*" [Emphasis added.] "The standard used for determining whether prejudicial error occurred is whether the jury may have been influenced adversely by an erroneous instruction." *State v. Shatto,* 786 S.W.2d 232, 234 (Mo.App.1990).

As acknowledged in *State v. Henderson,* 530 S.W.2d 382, 387 (Mo.App.1975), *U.S. v. Bagby,* 451 F.2d 920 (9th Cir.1971), held that instructions should not be confusing, ambiguous or equivocal; and this state's supreme court held in *State v. Winn,* 324 S.W.2d 637, 642 (Mo.1959), that instructions should not mislead jurors.

In *Henderson* the court alluded to discussions in civil cases of language in jury instructions that gives juries roving commissions to reach decisions not founded on rules of law. The discussion in *Henderson* illustrates that the same problem exists in criminal cases as exists in civil cases.

By not instructing the jury that the only purpose for which evidence of defendant's prior crimes could be considered was to assess his believability and the weight to be given to his testimony and by stating the testimony could be considered for other purposes, albeit relative to issues not before the jury to decide, the trial court's instruction was confusing, ambiguous and equivocal. Instruction No. 7 was misleading in that it did not provide meaningful guidance to the jury as to what purpose the evidence of defendant's commission of prior crimes could or could not be considered. The giving of Instruction No. 7 was prejudicial.

Alleged error that directly involves a defendant's constitutionally guaranteed right to a fair trial is susceptible to review for plain error. *See State v. Jackson,* 511 S.W.2d 771, 776 (Mo.1974); *State v. Randall,* 476 S.W.2d 593, 595 (Mo.1972); *State v. Tindall,* 496 S.W.2d 267, 268 (Mo.App.1973). The jury was erroneously instructed that defendant's criminal record could be evidence of things other than his credibility. As such, the giving of Instruction No. 7 affected defendant's right to receive a fair trial. This court holds that the giving of Instruction No. 7 was plain error.

Under the facts of this case the trial court plainly erred in giving MAI–CR 3d 310.12 as Instruction No. 7. The judgment and sentence are reversed and the case is remanded for a new trial.

SHRUM and MONTGOMERY, JJ., concur.