**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gregory T. SHAFFER, Defendant–Appellant.**

**No. 28002.**

Missouri Court of Appeals,
Southern District,
Division II.

April 16, 2008.

C.R. Rhoades, Neosho, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Gregory T. Shaffer ("Appellant") seeks plain error review of his conviction following a jury trial on the charge of statutory sodomy in the second degree in violation of section 566.064.[1] The jury recommended

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

and the trial court sentenced Appellant to a three-year sentence. Appellant claims that "[t]he trial court committed 'plain error' when it failed to strike and/or advise the jury to disregard the voluntary statement made by [D]etective Michael J. Lowry that [Appellant's] response to his questioning was indicative of somebody who was not being honest" because it invaded the province of the jury. Appellant does not challenge the sufficiency of the evidence for his conviction; therefore, viewed in the light most favorable to the verdict, the following evidence was adduced at trial.

On January 19, 2005, based on information given in a hotline call, Detective Lowry with the Webb City Police Department went to Webb City High School to talk with C.R., the sixteen-year-old victim of sexual abuse. Although C.R. initially stated that nothing was wrong, a second visit from Detective Lowry caused C.R. to confess that her step-father (Mother's live-in boyfriend) had sexually abused her. Appellant had known C.R. since she was four and Appellant was the only father C.R. knew. C.R. further stated that Appellant had been having sexual contact with her since she was ten or twelve years old.

C.R. related that during the prior week she had planned to skip school, but was caught; she was taken home by Appellant and grounded as punishment. Later that evening, after C.R.'s mother left for work and the other children were in bed, Appellant made C.R. go into his room and forced her to perform oral sex on him and have sexual intercourse with him.

After speaking with C.R., Detective Lowry requested Appellant leave his job to accompany Detective Lowry to the police station. Appellant was read his rights, he reviewed and signed a waiver form indicating that he was aware of his rights and that he chose to talk to the detective voluntarily. When informed of the allegations against him, Appellant initially denied any involvement by stating that he had no idea why anybody would make such an allegation. After continued questioning, however, Appellant confessed that he did in fact have sexual contact with C.R. while she was sixteen-years old but explained his version of the incident, agreeing to give a recorded statement with his side of the story.

The videotaped statement was played for the jury at trial. Detective Lowry also testified at trial regarding the investigation and questioning of Appellant. Detective Lowry volunteered the following statement in his testimony:

> [Appellant] never came out and said: no, I didn't do it. It was: I wouldn't do something like that, trying to qualify an answer to me. In my experience, that's usually indicative of somebody whose [sic] not being honest with me.

Appellant did not object to this testimony at trial, nor did Appellant raise a claim of error regarding this statement in his motion for new trial, therefore, only plain error review is available to him. Rule 30.20 [2] grants us authority to consider "plain errors affecting substantial rights ... when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. Rule 30.20. "There is no exact formula for determining whether plain error has occurred." *State v. Frankenberg*, 876 S.W.2d 286, 288 (Mo. App. S.D.1994). "Consequently, it has been judicially recognized that the existence or non-existence of 'plain error' must be coped with on a case to case basis and rebalanced each time against the particular facts and circumstances of each case.'" *Id.* (*quoting State v. Miller*, 604 S.W.2d 702, 706 (Mo.App. W.D.1980)).

---

**2.** All rule references are to Missouri Court Rules (2007), unless otherwise specified.

In deciding whether or not to grant plain error review, this Court must first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). Where, as here, the request for plain error review comes in a direct appeal, we are mindful that plain error cannot serve as a basis for granting Appellant a new trial, as he requests, unless the error was "outcome determinative." *Deck v. State,* 68 S.W.3d 418, 427 (Mo. banc 2002). In the absence of an error of this magnitude, no manifest injustice or miscarriage of justice exists and the appellate court should decline to exercise its discretion to review the claim of plain error pursuant to Rule 30.20. *Id.* at 427–28. If this Court finds that substantial grounds exist, then we should review the claim to determine whether manifest injustice or a miscarriage of justice has actually occurred. *State v. Bozarth,* 51 S.W.3d 179, 181 (Mo.App. W.D.2001). While plain error is evident, obvious and clear error, it is clear that "not all prejudicial error—that is, reversible error—can be deemed plain error." *State v. Dowell,* 25 S.W.3d 594, 606 (Mo.App. W.D.2000); *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App. W.D.1992).

This Court does not find that the claim of error asserted by Appellant facially establishes substantial grounds for believing manifest injustice or miscarriage of justice occurred in the trial of this case. The singular statement made by the detective indicated the detective did not believe Appellant was telling the truth at the time he was giving his initial statement. While it is true that the province of the jury is impermissibly invaded when one witness testifies to the credibility of another witness, *State v. Whitmill,* 780 S.W.2d 45, 47 (Mo. banc 1989), testimony regarding credibility that is not directed to trial testimony, nor overall credibility, has been held to be admissible. *See State v. Collins,* 163 S.W.3d 614, 623 (Mo.App. S.D.2005) (finding interviewer's testimony, that the victim's penchant for correcting the interviewer's misstatements was a "hallmark of credibility," admissible because the comment was not directed to victim's trial testimony nor to her overall credibility as a witness, but was merely a comment as to the interviewer's ability to assess victim's believability in the story related to the interviewer).

Detective Lowry did not comment on the credibility of Appellant's trial testimony. Instead, the detective commented on how he perceived the statements being made by Appellant during questioning based on his experience as a detective. The detective's perceptions would have been relevant to his decision to continue questioning Appellant even after he had received a statement denying culpability. Moreover, Detective Lowry's statement indicated that when Appellant first began talking the detective did not believe him to be telling the truth and, later, the detective was proven correct when Appellant changed his story during the same period of questioning. The detective did not make any statements or draw any conclusions regarding Appellant's trial testimony or his overall credibility as a witness. Most importantly, Appellant was charged with, and convicted of, statutory sodomy in the second degree. He confessed to this charge in a videotaped statement. We do not find a basis for plain error review as we do not believe a manifest injustice or miscarriage of justice occurred. The judg-

ment is affirmed.[3]

LYNCH, C.J., BARNEY, P.J., concur.

---

**3.** The attorney general, on behalf of the State, has filed a Second Motion to Revoke Appeal Bond. We overrule the motion as moot with the contemporaneous issuance of this opinion and the warrant for Appellant's arrest.