**STATE of Missouri, Plaintiff–Respondent,**

v.

**Vance L. SINYARD, Defendant–Appellant.**

No. SD 29365.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 21, 2009.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Vance L. Sinyard ("Appellant") seeks plain error review of his conviction following a jury trial on the charges of statutory sodomy in the first degree and child molestation in the first degree. The jury recommended and the trial court sentenced Appellant to fifteen years on the charge of statutory sodomy in the first degree and ten years on the charge of child molestation in the first degree. We find no error and affirm; however, we remand for a correction of a clerical error.

Appellant claims that "[t]he trial court plainly erred in denying Appellant a new trial and in sentencing Appellant, in violation of §§ 476.753 [RSMo Cum.Supp. 2006] [1] and 476.756, and Appellant's rights to due process and [the Confrontation Clause]," because (1) the trial court failed to verify that the assistive listening device was working for Appellant at trial and (2) Appellant did not understand what happened at trial due to the court's failure to provide an interpreter. In searching the trial record in support of Appellant's claim, we found only two references to Appellant's hearing impairment in the trial record. The first was during *voir dire* when one of the venire members stated that Appellant, "has sat there with those radio muffs on his ears and has no expression on his face." The court explained to the venire members that Appellant was hearing impaired and that the "radio muff" were actually an assistive hearing device. The second came during Officer Denney's testimony when he stated that there were several times that he had to repeat questions during his interrogation of Appellant because Appellant had indicated that he was hearing impaired. Those were the only references to Appellant's hearing impairment until after he was found guilty. After Appellant was found guilty at trial, he requested a certified translator, after which the court ordered that an interpreter be secured. Appellant was assisted in that manner at his sentencing.

Constitutional arguments must be raised at the first opportunity and silence until after the trial constitutes waiver of any constitutionally-based claim. *State v. Parker*, 886 S.W.2d 908, 925 (Mo. banc 1994). Additionally, the failure of the trial court to provide an interpreter is only preserved for appeal if it is included in a defendant's motion for new trial. *State v. Gonzalez–Gongora*, 673 S.W.2d 811, 816 (Mo.App. S.D.1984) (citing Rule 29.11(d)). Appellant did not object to the inadequacy of the assistive hearing device provided at

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

trial, nor did Appellant mention in his motion for new trial that he did not understand what happened at trial. Furthermore, no mention is made of any due process or confrontation violation until the sentencing proceedings. Therefore, only plain error review is available to Appellant. *See State v. Baxter,* 204 S.W.3d 650, 652 (Mo. banc 2006).

■■■ Rule 30.20 allows this Court to consider "plain errors affecting substantial rights ... when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. "There is no exact formula for determining whether plain error has occurred." *State v. Frankenberg,* 876 S.W.2d 286, 288 (Mo.App. S.D. 1994). As a result, the existence or nonexistence of plain error must be dealt with on a case-by-case basis and assessed using the particular facts and circumstances of each case. *Id.* In deciding whether or not to grant plain error review, this Court must first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995). Where, as here, the request for plain error review comes in a direct appeal, we are mindful that plain error cannot serve as a basis for granting Appellant a new trial, as he requests, unless the error was "outcome determinative." *Baxter,* 204 S.W.3d at 652. Plain error is "evident, obvious and clear error." *State v. Shaffer,* 251 S.W.3d 356, 358 (Mo.App. S.D.2008). In the absence of an error of this magnitude, no manifest injustice or miscarriage of justice exists and the appellate court should decline to exercise its discretion to review the claim of plain error pursuant to Rule 30.20. *Deck v. State,* 68 S.W.3d 418, 427–28 (Mo. banc 2002). If this Court finds that substantial grounds exist, we then consider whether "manifest injustice or miscarriage of justice has actually occurred." *State v. Stanley,* 124 S.W.3d 70, 76–77 (Mo.App. S.D.2004).

■■■ This Court does not find that the claim of error asserted by Appellant facially establishes substantial grounds for believing manifest injustice or miscarriage of justice occurred in the trial of this case. The record does not demonstrate that Appellant expressed to the trial court a need for additional assistance. Section 476.753(1) requires a court to provide assistance based on a defendant's "expressed needs." Here, Appellant did not request an interpreter during trial, but instead asked for assistance at his sentencing proceedings. Appellant alleged at sentencing that he requested that his trial counsel obtain an interpreter for trial, but that his demand was never fulfilled; however, nothing in the record indicates that Appellant expressed his concerns to the trial court. The trial court cannot be held responsible for failing to provide for needs that it was unaware existed. *See Lue v. Moore,* 43 F.3d 1203, 1206 (8th Cir.1994) (where the court held that Lue's rights were not violated because he did not request that the defendant prison officials make accommodations for him).

Furthermore, sections 476.753 and 476.756 only require assistance to a "deaf person." A "deaf person" is defined, in section 476.750, as "any person who, because of a hearing loss, is not able to discriminate speech when spoken in a normal conversational tone regardless of the use of amplification devices." While there is testimony in the record that Appellant had an assistive hearing device, the reasons for providing such device are unknown. Additionally, we do not have evidence Appellant could not discriminate speech with the use of the amplification device used at trial.

The trial court has the best opportunity to form a correct opinion as to whether Appellant was able to understand what was happening in his trial without the aid of an interpreter. *See State v. Aguelera*, 326 Mo. 1205, 1214, 33 S.W.2d 901 (Mo. 1930). Furthermore, although Officer Denney testified that he had to repeat some questions during Appellant's interrogation, nothing suggests that Appellant could not answer them. It is uncertain whether Appellant had a hearing device at the time of interrogation or if he could understand the questions without one. Based on what is presented in the record before the trial court, there is no indication that Appellant fit the definition of a "deaf person." Thus, we cannot find that the trial court erred or that Appellant was prejudiced.

 While the foregoing discussion disposes of Appellant's issue on appeal, there is a matter which requires further attention. We note that the judgment contained in the record on appeal contains a clerical error. The judgment states that Appellant was sentenced to ten years for first-degree statutory sodomy and fifteen years for first-degree child molestation, but both the sentencing transcript and the jury verdict forms state that Appellant was sentenced to fifteen years for first-degree statutory sodomy and ten years for first-degree child molestation. It is clear there was a clerical error when the decision of the trial court as announced in open court was inaccurately memorialized. *State v. Thomas*, 290 S.W.3d 129 (Mo.App. S.D. 2009). "Rule 29.12 authorizes a trial court to correct clerical errors in a judgment resulting from oversight or omission." *Id.* Accordingly, we affirm Appellant's convictions and sentences, but remand this case with instructions to the trial court to enter an amended written judgment reflecting the sentences announced in open court.

SCOTT, C.J., and LYNCH, P.J., concur.