**STATE of Missouri, Plaintiff–Respondent,**

v.

**Randon Scott RICHARDSON, Defendant–Appellant.**

No. SD 29434.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 23, 2009.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Richard A. Starnes, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Randon Scott Richardson ("Appellant") appeals from his conviction of two counts of felony possession of a controlled sub-

stance in violation of section 195.202[1] in the Circuit Court of Taney County. Appellant waived his right to a jury trial and was found guilty at a bench trial of one count of possessing methamphetamine and one count of possessing cocaine. On appeal, Appellant claims that the trial court erred in denying his motion for judgment of acquittal, alleging that the evidence was insufficient to prove that he possessed methamphetamine or cocaine. We affirm the denial of Appellant's motion for judgment of acquittal on both counts.

The relevant facts viewed in the light most favorable to the verdict[2] are as follows. On February 9, 2006, members of the Combined Ozarks Multi–Jurisdictional Enforcement Team ("COMET") drug task force, Taney County Sheriff's Department, and Branson Police Department executed a drug search warrant at Appellant's home in Forsyth, Missouri, where he lived with his wife and son. A search of the home yielded a baggie containing .07 grams of methamphetamine that was found in a wooden box in a safe under a desk in the attic of the home, which also contained Appellant's birth certificate. In a computer desk on the lower level of the house law enforcement officers found another baggie containing .02 grams of methamphetamine and cocaine. The contents of the baggie were verified to be methamphetamine and cocaine, although the exact proportion was not determined.

The officers also found a pouch on the computer desk that contained items commonly used to ingest methamphetamine, including glass pipes, a spoon, and a razor blade. A set of scales and some baggies were also found in the area around the computer desk. In addition to the baggies containing drugs and methamphetamine paraphernalia, officers discovered a pill and syringes in the attic desk, and several marijuana smoking apparatuses and other marijuana paraphernalia throughout the house. At the time of the search, Appellant admitted to smoking marijuana occasionally and to using methamphetamine about a month prior.[3] Appellant also admitted to frequently using the computer desk to conduct business and record music, including on the night of the raid, and typically keeping the desk shut. Based on this evidence, the judge found Appellant guilty of both counts.

In reviewing the sufficiency of evidence supporting a criminal conviction, we must determine whether a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). We accept all evidence favorable to the State as true, draw all inferences in favor of the State, and disregard all inferences to the contrary. *Id.* In doing so, we may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001). This Court need not believe that the evidence at trial established guilt be-

---

**1.** All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules, (2008), unless otherwise specified.

**2.** When reviewing a sufficiency of the evidence challenge to a criminal conviction, we view all evidence and draw all inferences in the light most favorable to the State, and disregard all evidence and inferences to the contrary. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998).

**3.** Appellant testified at trial that he never admitted to using methamphetamine, but we view all evidence and draw all inferences in a light most favorable to the verdict. *Chaney*, 967 S.W.2d at 52. We, therefore, accept a law enforcement officer's testimony to the contrary as true.

yond a reasonable doubt, but instead must determine whether, after viewing all evidence in a light most favorable to the State, any rational trier of fact could have found each essential element of the crime beyond a reasonable doubt. *Chaney*, 967 S.W.2d at 52. Applying this standard, we find the evidence sufficient to support both convictions.

 In order to show that a person unlawfully possessed a controlled substance under section 195.202, the State must demonstrate that the person, with knowledge of the presence and nature of the substance, had actual or constructive possession of it. Section 195.010(34), RSMo Cum.Supp.2001. Both knowledge and possession may be proven by circumstantial evidence, which need not be conclusive of guilt nor show the impossibility of innocence. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). A person has constructive possession of a controlled substance when he has the power and intention at a given time to exercise dominion and control over the substance either directly or through other persons. Section 195.010(34), RSMo Cum.Supp.2001. When actual possession is not present, the State must show constructive possession by demonstrating, at a minimum, that the defendant had access to and control over the premises on which the controlled substances were found. *Glover v. State*, 225 S.W.3d 425, 428 (Mo. banc 2007).

 Where joint control over an area exists, the State must produce additional evidence to connect the accused to the controlled substance. *Id.* This additional

evidence may include routine access to areas where the controlled substance was being kept, presence of large quantities of the controlled substance at the scene of the arrest, an admission by the accused, the accused being in close proximity to the substance or paraphernalia in plain view of law enforcement officers, commingling of the substance with the defendant's personal belongings, or the flight of the defendant upon realizing the presence of law enforcement officers. *State v. Bremenkamp*, 190 S.W.3d 487, 493–94 (Mo.App. S.D.2006). In addition, superior access to contraband accessible by more than one person is an incriminating fact. *State v. Millsap*, 244 S.W.3d 786, 789 (Mo.App. S.D.2008). Whether evidence is sufficient to connect a defendant to a controlled substance will be determined by considering the totality of the circumstances. *Id.* at 494.

 Here, the State produced sufficient evidence for a reasonable trier of fact to find beyond a reasonable doubt that Appellant possessed methamphetamine. While Appellant and his wife had joint control over the premises, additional evidence was produced to connect Appellant to the methamphetamine. Law enforcement officers found a wooden box containing .07 grams of methamphetamine in a safe under a desk in the attic of Appellant's home.[4] Appellant's birth certificate was found in the safe along with the methamphetamine; thus, the methamphetamine was 'commingled' with his personal belongings. This commingling, combined with

4. Appellant denied knowledge of the wooden box at trial and specifically denied that it had been in the safe. The trial judge was free to disbelieve that testimony and we do not consider it here as it is not favorable to the verdict. *Bacon v. Uhl*, 173 S.W.3d 390, 396 (Mo.App. S.D.2005). While the law enforcement officer who testified was unable to affir

matively state that the box had been found in the safe, he explained that it would not have made sense for him to put the box in the safe in order to photograph it. That testimony, combined with the fact that the trial judge was free to disbelieve Appellant's testimony, supports the inference that the box was found in the safe.

Appellant's presence at the scene, is enough for a reasonable fact-finder to infer Appellant's access to and control over the safe containing the methamphetamine and is, therefore, sufficient to establish constructive possession. *State v. Foulks*, 72 S.W.3d 322, 326 (Mo.App. S.D.2002). Furthermore, Appellant's admission to using methamphetamine one month prior to the execution of the warrant, combined with the discovery of a separate baggie containing methamphetamine [5] and a pouch containing items commonly used to ingest methamphetamine in the computer desk frequently used by Appellant, supports the inference that Appellant had knowledge of the presence and nature of the methamphetamine found in his home. Based on this evidence, we cannot say that the State failed to produce sufficient evidence to lead a reasonable trier of fact to find that Appellant knowingly possessed methamphetamine.

The evidence was also sufficient to support the conviction for possession of cocaine. It is well settled that contemporaneous possession of other drugs or paraphernalia is relevant to demonstrate knowing and intentional possession of the controlled substance for which one is charged. *State v. Coleman*, 263 S.W.3d 680, 684 (Mo.App. S.D.2008). Here, the baggie containing cocaine and methamphetamine was found in the computer desk where Appellant kept his business records and frequently recorded music. Both marijuana and methamphetamine paraphernalia were also found in and around that desk. The discovery of a separate baggie containing methamphetamine commingled with Appellant's belongings, marijuana, and drug para-

phernalia throughout the house implies that Appellant had knowledge of and intent to possess illegal drugs. Appellant's admitted routine access to the desk suggests he had knowledge of the baggie's presence. From the presence of other drugs and paraphernalia, a reasonable fact-finder could infer that Appellant knew of both the presence of the baggie and the nature of its contents, and that he, therefore, constructively possessed the cocaine.

Considering the totality of the circumstances, these facts are sufficient to show that the trial judge could have reasonably found that Appellant had constructive possession of methamphetamine and cocaine and was, therefore, guilty of two counts of possessing a controlled substance.

The judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.

---

**5.** While the exact amount of methamphetamine, as opposed to cocaine, in the second baggie was not determined by laboratory tests, we note that the statutes do not establish a minimum amount necessary to constitute possession. *State v. Taylor*, 216 S.W.3d 187, 192 (Mo.App. E.D.2007).