**STATE of Missouri, Plaintiff–Respondent,**

v.

**Johnny L. KERNS, Defendant–Appellant.**

No. SD 31616.

Missouri Court of Appeals, Southern District, Division One.

Dec. 21, 2012.

Laura G. Martin, Kansas City, for Appellant.

Chris Koster (Attorney General), Todd T. Smith, for Respondent.

NANCY STEFFEN RAHMEYER, J.

Johnny L. Kerns ("Appellant") appeals his conviction by a jury for one count of felony possession of a controlled substance in violation of section 195.202.[1] Appellant now argues that there was insufficient evidence to prove that he possessed the

---

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2012), unless otherwise indicated. We note that section 195.202 was amended in 2011; however, Appellant's offense was committed in 2009.

methamphetamine. We affirm the judgment of the trial court.

## Factual and Procedural Background

The relevant facts, viewed in the light most favorable to the jury verdict, *State v. Richardson*, 296 S.W.3d 21, 23 (Mo.App. S.D.2009), are as follows. On August 10, 2009, law enforcement officers responded to a domestic disturbance report at a home owned by Appellant's grandmother, Joyce Kerns.[2] Joyce shared her home with her children, Robert and Sharon, and Sharon's two sons, Appellant and Richard. Appellant resided and kept some of his personal items in an upstairs bedroom, which he shared with Robert. Joyce testified that she rarely went upstairs where Appellant's bedroom was located, "maybe six or seven times" in the six years she lived there, because she was sick and unable to climb the steep stairs. Appellant had also invited two acquaintances, Patricia Ward and Christopher Evans, to spend the night in the spare storage room adjacent to his bedroom. Joyce called law enforcement when Ward and Evans began arguing outside in her driveway.

Upon arrival, Robert informed the officers that Ward and Evans were arguing because they were under the influence of a narcotic and he believed they had been "cooking" methamphetamine at the residence. After obtaining Joyce's consent, officers searched the premises around the home and located a "burn pile" containing modified bottles, empty "blister packs", and filters, commonly used in the manufacture of methamphetamine. When questioned, Robert, Ward, and Evans all implicated Appellant in helping to manufacture and use methamphetamine at the home.

Appellant consented to officers searching "his" room and, when questioned as to whether they would find anything "illegal", replied that they might find a syringe and a coffee filter.[3] After reaching the upstairs area, Appellant directed officers to a corner of a room, containing a bed, dresser, and nightstand, and indicated, by pointing, that the items would be located on the other side of the bed. Officers collected, among other things, a modified metal spoon and straw sitting in plain view on a nightstand next to the bed.[4] There was visible residue of a powder-like substance on the inside of one end of the straw. Both the spoon and straw field tested positive for the presence of methamphetamine. The Missouri State Highway Patrol crime lab tested the residues on the spoon and straw and determined both residues contained methamphetamine.

At the conclusion of a jury trial, Appellant was found guilty of possession of a controlled substance. Appellant was sentenced to three years imprisonment, with a suspended execution of sentence, and placed on probation for five years. This appeal timely follows.

## Standard of Review

In reviewing the sufficiency of the evidence supporting a criminal conviction, our review is limited to determining whether a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *Richardson*, 296 S.W.3d at 23. We need not believe that the evidence established guilt beyond a

---

2. For purposes of clarity, we refer to members of the Kerns family by their first names. No disrespect is intended.

3. Although not illegal, a syringe is often used to ingest methamphetamine intravenously, and coffee filters are commonly used to sepa-

rate liquids from the methamphetamine solids during the manufacturing process.

4. Both are commonly used in ingesting methamphetamine.

reasonable doubt, but instead must determine whether, after viewing all evidence in a light most favorable to the State, any rational trier of fact could have found each element of the crime beyond a reasonable doubt. *Id.* at 23–24. Our function is not to reweigh the evidence, and we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict, while disregarding all evidence and inferences to the contrary. *State v. Bacon,* 156 S.W.3d 372, 377 (Mo. App. W.D.2005). The weight of witness testimony is for the fact-finder to determine, and it is within the jury's province to believe all, some, or none of the witness' testimony in arriving at its decision. *State v. Cannafax,* 344 S.W.3d 279, 284 (Mo.App. S.D.2011).

## Analysis

In his sole point, Appellant challenges that the State failed to prove, beyond a reasonable doubt, that Appellant had conscious and intentional constructive possession of the methamphetamine residue on the spoon and straw.

■■ Absent statutorily-provided exception, section 195.202 makes it unlawful for any person "to possess or have under his control a controlled substance." To be in possession, a person must, "with the knowledge of the presence and nature of a substance, [have] actual or constructive possession of the substance." Section 195.010(34), RSMo Cum.Supp.2001. Therefore, to sustain a conviction for possession of a controlled substance, the State must prove: (1) actual or constructive conscious and intentional possession of the substance; and (2) awareness of the presence and nature of the substance. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992). Possession and knowledge may be proven by circumstantial evidence. *Id.*

■■ When actual possession is not present, constructive possession may be proven when other facts buttress an inference of the defendant's knowledge of the controlled substance's presence. *Id.* at 588. A person who has the power and the intention at a given time to exercise dominion or control over the substance, either directly or through another person or persons, has constructive possession of it. Section 195.010(34), RSMo Cum.Supp. 2001. "Thus, proof of constructive possession requires, at a minimum, evidence that defendant had access to and control over the premises where the substance was found." *Purlee,* 839 S.W.2d at 588.

■■ Exclusive control of the premises raises an inference of access and control; joint control requires further evidence connecting the accused with the substance found. *Id.* Whether there is sufficient evidence to connect the defendant to the controlled substance is determined by considering the totality of the circumstances. *Richardson,* 296 S.W.3d at 24. Examples of such evidence include routine or superior access to areas where the controlled substance is kept, the presence of large quantities of the controlled substance, an admission by the accused, the accused being in close proximity to the controlled substance in plain view of law enforcement officers, commingling of the substance with the accused's personal belongings, or flight of the accused upon realizing the presence of law enforcement officers. *Id.*

■■ Here, the State produced sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Appellant possessed methamphetamine. Although Appellant shared control of and access to his bedroom, there was additional evidence produced at trial to connect him to the methamphetamine residue found on the spoon and straw in his

bedroom. The incriminating evidence that Appellant had more routine access and control of his bedroom and its contents is not destroyed by the fact that others also had access to his room. *State v. Millsap,* 244 S.W.3d 786, 789 (Mo.App. S.D.2008); *State v. Booth,* 11 S.W.3d 887, 892 (Mo. App. S.D.2000). Appellant was present in the home when officers arrived and led officers upstairs to his room. When questioned prior to the search, he admitted that they would find drug paraphernalia in his room. He then pointed them to the area of the room where the modified spoon and straw, with visible residue on it, were located in plain view.[5]

Appellant argues that the lack of some incriminating circumstances, specifically the lack of Appellant's personal effects commingled with the methamphetamine, indicates that Appellant did not have constructive possession. There is, however, no precise formula, and we look to the facts of each case in determining if the totality of the circumstances supports the finding of possession. *State v. Moses,* 265 S.W.3d 863, 866 (Mo.App. E.D.2008). Appellant's presence on the premises, routine access to the bedroom, and admission and direction to the officers all sufficed to show he had access, control, and awareness of the methamphetamine residue located in his room.

There was sufficient evidence from which a reasonable jury could determine beyond a reasonable doubt that Appellant possessed methamphetamine. Point denied; the judgment of the trial court is affirmed.

While the foregoing discussion disposes of Appellant's issue on appeal, there is a matter which requires further attention. We note that the judgment contained in the record on appeal contains a clerical error as it states the disposition of Appellant's charge was a guilty plea. There is no question that Appellant was found guilty by a jury. In open court and on the record at sentencing, the court stated, "This matter was previously tried to a jury. [Appellant] was found guilty of the Class C felony of possession of methamphetamine, a controlled substance. Court accepted that verdict, the matter was set for sentencing today." When the decision of the trial court as announced in open court was inaccurately memorialized, it is clear there was a clerical error. *State v. Sinyard,* 294 S.W.3d 80, 83 (Mo.App. S.D. 2009). Under Rule 29.12, a trial court is authorized to correct clerical errors in a judgment resulting from oversight or omission. *Id.* Accordingly, we affirm Appellant's conviction and sentence, but remand this case with instructions to the trial court to enter an amended judgment accurately reflecting the judgment as announced in open court.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concur.

---

5. Appellant testified at trial that the officers searched and located the spoon and straw in the spare room where Ward and Evans were staying, not his room. The jury, however, was free to disbelieve his testimony, and we do not consider it here, as it is contrary to the verdict. *Richardson,* 296 S.W.3d at 24 n. 4.