

# Missouri Court of Appeals

## Southern District

### Division Two

JOHN AMPLEMAN,                          )
                                        )
      Plaintiff-Appellant,             )
                                        )
    vs.                                  )      No. SD33390
                                        )
DISH NETWORK SERVICE, LLC,              )      **Filed:  April 14, 2015**
and MILLENNIUM HOME SECURITY,           )
INC.,                                   )
                                        )
      Defendants-Respondents.          )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Bruce E. Colyer, Associate Circuit Judge

*Before Rahmeyer, J., Lynch, J., and Burrell, J.*

## **<u>AFFIRMED</u>**

PER CURIAM.  On application for trial de novo of a small claims case, John

Ampleman ("Appellant") filed a pro se petition asserting breach of contract and

negligence actions against Dish Network Service, LLC ("Dish") and Dish's alleged

agent, Millennium Home Security, Inc. ("Millennium"), collectively, "Respondents."

The source of Appellant's grievance was the allegedly faulty installation of a satellite

dish and receiver, which, according to Appellant, resulted in damages of $300 to the facia

1

of Appellant's house, $175 for the purchase of a replacement receiver, and medical expenses.[1] Following trial de novo, where Respondents appeared but presented no evidence, the trial court granted Millennium's oral motion for a directed judgment and, a few days later, issued a written judgment wherein the trial court ruled in favor of Dish. Appellant raises three points on appeal. We affirm and assess $1,500 in damages against Appellant for frivolous appeal pursuant to Rule 84.19.[2]

## Point I

In its judgment, the trial court, among other things, expressly found that Appellant failed to prove damages. In his first point, Appellant contends that the trial court erroneously excluded evidence of damages—specifically, a signed invoice ("Exhibit 14") that, according to Appellant, evidenced his purchase of and the amount paid for a replacement receiver. The seller of the receiver, however, was not a party in the underlying lawsuit, and Respondents successfully objected to the admission of Exhibit 14 on the basis of lack of foundation and hearsay. Appellant made no contemporaneous argument in favor of the admission of Exhibit 14 or any offer of proof in response to the trial court's ruling. Although Appellant now suggests, for the first time, that Exhibit 14 was admissible as his business record, "[w]e will not consider arguments not raised below and made for the first time on appeal." *Hagan v. Buchanan*, 215 S.W.3d 252, 257 (Mo.App. W.D. 2007). Point I is denied.

---

[1] With regard to his medical expenses, Appellant alleged that, due to a faulty receiver, his downstairs family room was the only room in his house that would receive proper television signals. As a result, Appellant suffered injury because he was "forced to" haul his mattress from the upstairs bedroom up and down a flight of stairs every day.

[2] All rule references are to Missouri Court Rules (2015). All statutory references are to RSMo Cum.Supp. 2002.

**Point II**

As an alternative argument in support of damages, Appellant contends in Point II that, "[t]he trial court erred in finding the Appellant has failed to prove damages in that there was evidence adduced that supported nominal damages." Appellant, therefore, asks this Court to enter a $1 award in his favor against Respondents. Appellant's request is both trivial and wholly lacking in merit.

For nominal damages to be appropriate, Appellant must have proved the existence of a contract and its breach. *Evans v. Werle*, 31 S.W.3d 489, 493 (Mo.App. W.D. 2000).[3] However, "[w]hen the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence." *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010). If no evidence is presented or "[i]f the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *Id.*; *Johnson v. State*, 366 S.W.3d 11, 19 (Mo. banc 2012).

The flaw in Appellant's argument is that it is built upon the false premise that Appellant met his burden of proving the existence of a contract and its breach against Respondents. The record, however, reflects that no party in this action requested findings of fact and conclusions of law. Therefore, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *Pearson v. Koster*, 367 S.W.3d 36, 52 (Mo. banc 2012). In its judgment, the trial court noted that Appellant made no mention of Millennium during his case in chief and, therefore, proved neither liability nor damages with respect to that

---

[3] With regard to Appellant's negligence claims, "[s]ince damages are an element of a cause of action for negligence, nominal damages cannot be awarded in such an action." *Wise v. Sands*, 739 S.W.2d 731, 734 (Mo.App. S.D. 1987).

party. Regarding Dish, the trial court stated it "finds all issues in favor of" Dish and against Appellant. The trial court proceeded to note that Appellant "failed to prove any damages caused by" Dish or its agents. To the extent that these findings fail to dispose of all of the issues in this case, we must consider anything remaining in accordance with the result reached, i.e., against Appellant.

Quite simply, the record, as we must view it, reveals that Appellant failed to convince the trial court, as the finder of fact, that either Dish or Millennium breached a contract with Appellant. Point II is denied.[4]

## Point III

In Point III, Appellant alleges that he was denied a fair trial because he suffers from an alleged hearing disability. Specifically, he asserts that "[t]he trial court erred in allowing the trial to go forward after Appellant informed the court of his hearing disability" and that the trial court thereby violated section 476.753. We disagree.

Section 476.753.1 requires a court to provide auxiliary aides and services to a deaf person based on that person's "expressed needs."[5] Here, the record reflects no request by Appellant for additional assistance, nor any objection to proceeding with the trial. *See State v. Sinyard*, 294 S.W.3d 80, 81-82 (Mo.App. S.D. 2009). "The trial court cannot be held responsible for failing to provide for needs that it was unaware existed." *Id.* at 82. Although we do have the discretion to review unpreserved claims for plain error, "plain-error review is rarely applied in civil cases" and "may not be invoked to cure

---

[4] Appellant's reliance on *Evans*, 31 S.W.3d 489, to support his claim for nominal damages is misplaced because the trial court in that case, unlike the situation here, made an explicit finding that the plaintiffs *had* proven the existence of a contract and the breach of that contract, thereby rendering nominal damages appropriate where plaintiffs' award of actual damages was reversed on appeal.

[5] Section 476.750(2) defines a "deaf person" as "any person who, because of a hearing loss, is not able to discriminate speech when spoken in a normal conversational tone regardless of the use of amplification devices[.]"

the mere failure to make proper and timely objections." ***Snellen ex rel. Snellen v.*** ***Capital Region Medical Center***, 422 S.W.3d 343, 356 (Mo.App. W.D. 2013); *see also* Rule 84.13(c). Reversal for plain error in civil cases is only appropriate in those situations when the injustice of the error is "so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." ***Id.*** (internal quotations omitted).

We find no such situation here. Without the benefit of counsel, Appellant provided his testimony to the trial court without any apparent issue. As pointed out by Appellant in his brief, the transcript reflects multiple instances where Appellant requested statements by Respondents' attorneys (usually objections) and rulings by the trial court be repeated. However, nothing in our review of the record reflects that the trial court did not adequately respond to Appellant's requests or that Appellant continued to remain unaware of what had been said. In fact, the record reveals Appellant's participation in such exchanges. Suffice it to say, Appellant has not convinced us that the outcome of the case was undermined by the trial court's failure to provide Appellant some sort of accommodation never specified. Point III is denied.[6]

### Millennium's Motion for Sanctions

As an additional matter, Millennium has filed a motion for sanctions pursuant to Rule 84.19, which was taken with this case. Millennium argues that Appellant's appeal,

---

[6] Appellant has raised some dispute about a comment that he allegedly made to the trial court that was not reflected in the certified transcript. According to Appellant, prior to testifying, he informed the trial court that his hearing aids were turned up "full blast" but he could not understand what was being said. Nonetheless, we cannot accept Appellant's allegation "as a substitute for record proof, even though the court has no reason to doubt [Appellant's] accuracy." ***Snellen***, 422 S.W.3d at 349 (internal quotations omitted). In any event, even assuming that Appellant's allegation as to his statement is true, we fail to see its import when, as already discussed *supra*, Appellant made no explicit request for some sort of accommodation from the trial court. We also fail to find any prejudice to Appellant as he was allowed to present his evidence and Respondents presented no evidence in opposition.

with respect to Millennium, is frivolous and seeks damages of approximately $3,000 in attorney's fees.

Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." The purpose of sanctions under Rule 84.19 is two-fold: "(1) to prevent congestion of appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 912 (Mo.App. E.D. 1998). "While no hard and fast rule as to what constitutes a frivolous appeal has been advanced and the issue must be considered on a case-by-case basis, the test generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success." *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo.App. W.D. 1993).

Based upon these principles, we find Appellant's failure to dismiss Millennium from this appeal warrants sanctions. In his brief, Appellant fails to identify any evidence in the record supporting a justiciable question regarding Millennium. He, instead, attempts to shoehorn in material from his appendix, which is not part of the record nor ever before the trial court. Where Appellant himself made no effort to present any evidence against Millennium at trial, there can be no justiciable question regarding Millennium on appeal. Accordingly, because Millennium has been forced to incur expenses associated with a meritless appeal, its request for an award of damages against Appellant is granted in the sum of $1,500.

**Conclusion**

The judgment of the trial court is affirmed and damages pursuant to Rule 84.19 are awarded to Millennium in the amount of $1,500.